CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Richard J. Reynolds (SBN 8991 -
Joseph P. Buchman (SBN 148985)
BURKE, WILLIAMS & SORENSEN, LLP
1851 E. First Street, Suite 1550, Santa Ana, CA 92705
TELEPHONE NO.: 949.863.3363     FAX NO.: 949.863.3350
ATTORNEY FOR *(Name):* MTC Financial Inc. dba Trustee Corps

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME:

CASE NAME: In Re 288 Louette Court, Hayward, CA 94541

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG15788547<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☒ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☒ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 24 , 2015

JOSEPH P. BUCHMAN                                 ▶ *[signature]* Joseph P Buchman
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER |
|---|---|
| In Re 288 Louette Court, Hayward, CA 94541 | HG 15788647 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL   4   ☒ HOURS/ ☐ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |


**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE | CASE NUMBER |
|---|---|
| In Re 288 Louette Court, Hayward, CA 94541 | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE | CASE NUMBER |
|---|---|
| In Re 288 Louette Court, Hayward, CA 94541 | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☒ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE | CASE NUMBER |
|---|---|
| In Re 288 Louette Court, Hayward, CA 94541 | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1.  ☒ 2.  ☐ 3.  ☐ 4.  ☐ 5.  ☐ 6.  ☐ 7.  ☐ 8.  ☒ 9.  ☐ 10. | ADDRESS:<br><br>288 Louette Court<br>Hayward, CA 94541 |
|---|---|

| CITY:<br>Hayward | STATE:<br>CA | ZIP CODE:<br>94541 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Alameda_____ courthouse in the _____ District of the Superior Court of California, County of Alameda [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___September 24, 2015___

(SIGNATURE OF ATTORNEY/FILING PARTY)
JOSEPH P. BUCHMAN

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

MC-095

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

JOSEPH P. BUCHMAN, SBN 148983
BURKE, WILLIAMS & SORENSEN, LLP
1851 E. First Street, Suite 1550
Santa Ana, CA 92705
TELEPHONE NO.: 949.863.3363          FAX NO. (Optional): 949.863.3350
E-MAIL ADDRESS (Optional): rreynolds@bwslaw.com
ATTORNEY FOR (Name): MTC Financial Inc., dba TRUSTEE CORPS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward 94544
BRANCH NAME:

IN RE (ADDRESS OF REAL PROPERTY):
288 Louette Court, Hayward, CA 94541

FOR COURT USE ONLY

OCT 07 2015

PETITION AND DECLARATION REGARDING UNRESOLVED
CLAIMS AND DEPOSIT OF UNDISTRIBUTED
SURPLUS PROCEEDS OF TRUSTEE'S SALE

**Jurisdiction** (check all that apply):
- [ ] ACTION IS A LIMITED CIVIL CASE
  Amount deposited
  - [ ] does not exceed $10,000
  - [ ] exceeds $10,000, but does not exceed $25,000
- [X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)

CASE NUMBER:

HG15788647

1. Petitioner (name): MTC FINANCIAL, INC. dba        is the trustee under the Deed of Trust described in items 2 and 3 below.
   TRUSTEE CORPS

**The Deed of Trust**

2. The Deed of Trust encumbered the real property commonly known as (describe):


   (the "property") and legally described   [X] in Attachment 2   [ ] as follows: 288 Louette Court, Hayward CA
   94541



3. The Deed of Trust was                                                        as trustor.
   a. Executed by (name): Nicole Shaw-Owens
   b. Executed on (date): 08/14/2009
   c. Recorded:
      (1) Date: 08/20/2009
      (2) County: Alameda
      (3) Instrument number: 2998273630

Page 1 of 3
Civil Code, § 2924j

Form Adopted for Mandatory Use
Judicial Council of California
MC-095 [Rev. January 1, 2004]

PETITION AND DECLARATION REGARDING
UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED
SURPLUS PROCEEDS OF TRUSTEE'S SALE

American LegalNet, Inc.
www.USCourtForms.com

| IN RE:<br>—288 Louette Court, Hayward, CA 94541 | CASE NUMBER: |
| --- | --- |

**The Trustee's Sale, Surplus Proceeds, and Notice to Potential Claimants**

4.  The property was the subject of a trustee's sale that was held on *(date)*:  03/09/2015

5.  A trustee's sale guarantee was prepared for the trustee's sale. *(A copy of the trustee's sale guarantee must be attached as Attachment 5.)*

6.  The total sale price of the property was: $ 370,000.00

7.  After payment of the amounts required by Civil Code section 2924k(a)(1)—(2), there were surplus proceeds from the trustee's sale available to potential claimants in the total amount of: $ 45,772.82

8.  Within 30 days after the trustee's sale, the trustee sent written notice under Civil Code section 2924j(a) to all persons with a recorded interest in the real property as of the date immediately prior to the trustee's sale who would be entitled to notice. The names and addresses of all persons sent notice under Civil Code section 2924j(a) are as follows:

⊠ Continued on Attachment 8.

**The Claims**

9.  The trustee has received a total of *(specify number):*      2      written claims from potential claimants.

10. The trustee has exercised due diligence to determine the priority of the written claims received by the trustee to the trustee's sale surplus proceeds from the persons identified in item 8 to whom notice was sent.

11. The trustee submits this declaration under Civil Code section 2924j(c) for the following reason:

   a. ⊠ After due diligence, the trustee is unable to determine the priority of the written claims received by the trustee to the trustee's sale surplus proceeds. *(If this reason applies, describe the problem of determining priorities in Attachment 11a.)*

   b. ☐ The trustee has determined that there is a conflict between potential claimants to the surplus proceeds. *(If this reason applies, identify the claimants and describe the conflict in Attachment 11b.)*

12. The trustee provides the following additional information relevant to the identity, location, priority of potential claimants, and the conflict of claims: The Secretary of Housing and Urban Development holds a senior lien according to the TSG and has not filed a claim.  The lien was recorded in the amount of $64,087.21.

☐ Continued on Attachment 12.

**Notice of Intent to Deposit Funds and Proof of Service**

13. The trustee has provided written notice to all persons with a recorded interest in the property who would be entitled to notice under Civil Code section 2924b(b)–(c). The notice includes the following information:

   a.  The trustee intends to deposit funds from the trustee's sale with the clerk of the court.

   b.  A claim for funds must be filed with the court within 30 days from the date of notice.

   c.  The address of the court in which the funds are to be deposited and a telephone number for obtaining further information.

   *(Proof of Service of the notice on all persons entitled to notice under Civil Code section 2924j(d) must be attached to this declaration as Attachment 13.)*

**PETITION AND DECLARATION REGARDING
UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED
SURPLUS PROCEEDS OF TRUSTEE'S SALE**

American LegalNet, Inc.
www.USCourtForms.com

| IN RE:<br> 288 Louette Court, Hayward, CA 94541 | CASE NUMBER |
|---|---|

Deposit

14. **Distributions**
The trustee has distributed the total amount of: $ 0      to the following claimants based on their written claims:

Name of claimant:           Amount:

☐ Continued on Attachment 14.

15. **Trustee's Fees and Expenses**
The trustee has incurred reasonable fees and expenses totaling: $ 5,046.67    . These fees and expenses are recoverable under Civil Code section 2924k(a)(1) and (b) and are described ☒ in Attachment 15   ☒ as follows *(specify)*:

Fees and costs incurred as a result of the trustee's sale in reviewing the file and giving notice to the lien claimants and following up with lien claimants.

16. **Deposit**
The amount to be deposited is calculated as follows:

| | |
|---|---|
| a. Trustee's sale proceeds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ | 370,000.00 |
| b. Debt to foreclosing creditor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ | 324,227.18 |
| c. Available surplus proceeds *(a minus b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ | 45,772.82 |
| d. Claims paid by trustee *(from item 14)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ | 0.00 |
| e. Trustee's fees and expenses *(from item 15)* . . . . . . . . . . . . . . . . . . . . . . . . .$ | 5,046.67 |
| f. Remaining surplus proceeds (c *minus (d plus e)*) . . . . . . . . . . . . . . . . . . . . .$ | 40,726.15 |
| g. Filing fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ | 435.00 |
| h. Deposit *(f minus g)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ | 40,291.15 |

*(If the trustee is represented by an attorney, the attorney's signature follows):*

Date: 9/30/15

RICHARD J. REYNOLDS
    (TYPE OR PRINT NAME OF ATTORNEY)               ► _____<br>             (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/30/15

GLORIA JUAREZ
    (TYPE OR PRINT NAME OF TRUSTEE)               ► _____<br>             (SIGNATURE OF TRUSTEE)

MC-095 [Rev. January 1, 2004]

**PETITION AND DECLARATION REGARDING
UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED
SURPLUS PROCEEDS OF TRUSTEE'S SALE**

American LegalNet, Inc.<br>www.USCourtForms.com

Order No.: 1592426                                        Customer Reference: CA07000056-14

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF **ALAMEDA**, STATE OF **CALIFORNIA**, AND IS DESCRIBED AS FOLLOWS:

LOT 16, TRACT 1656, FILED OCTOBER 19, 1955, MAP BOOK 36, PAGE 64, ALAMEDA COUNTY RECORDS.

# EXHIBIT 2

SCHEDULE A

TRUSTEE'S SALE GUARANTEE

Customer Reference:  CA07000056-14
Order No.:           1592426
Loan No.:            5231980
Liability:           $280,350.79
Fee:                 $600.00
Date of Guarantee:   03/24/2014 at 08:00 am

1.  Name of Assured:

    MTC FINANCIAL INC DBA TRUSTEE CORPS, AS TRUSTEE, AND

    LOANCARE, A DIVISION OF FNF SERVICING, INC., AS BENEFICIARY

2.  The estate or interest in the land hereinafter described or referred to covered by this Guarantee is:

    A FEE

3.  Title to said estate or interest at the date hereof is vested in:

    NICOLE SHAW-OWENS, A SINGLE WOMAN

4.  The land referred to in this Guarantee is situated in the State of **CALIFORNIA**, County of **ALAMEDA**, and is
    described as follows:

    See Exhibit "A" attached hereto and made a part hereof.

---



Order No.: 1592426                                          Customer Reference: CA07000056-14

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF **ALAMEDA**, STATE OF **CALIFORNIA**, AND IS DESCRIBED AS FOLLOWS:

LOT 16, TRACT 1656, FILED OCTOBER 19, 1955, MAP BOOK 36, PAGE 64, ALAMEDA COUNTY RECORDS.

Order No.: 1592426                                      Customer Reference: CA07000056-14

## SCHEDULE B

**EXCEPTIONS:**

1.    GENERAL EXCEPTIONS.

A). THIS GUARANTEE DOES NOT REPRESENT THE TRUE STATUS OF TITLE TO THE SUBJECT PROPERTY, BUT IS INTENDED SOLELY FOR THE PURPOSE OF PROCESSING A STATUTORY FORECLOSURE.

B). PROPERTY TAXES, WHICH ARE A LIEN NOT YET DUE AND PAYABLE, INCLUDING ANY ASSESSMENTS COLLECTED WITH TAXES TO BE LEVIED FOR THE NEXT FISCAL YEAR.

C). THE LIEN OF SUPPLEMENTAL TAXES, IF ANY, ASSESS PURSUANT TO THE PROVISIONS OF CHAPTER 3.5 (COMMENCING WITH SECTION 75) OF THE REVENUE AND TAXATION CODE OF THE STATE OF CALIFORNIA

D). ANY RIGHTS LIENS AND/OR ENCUMBRANCES INCLUDING BUT NOT LIMITED TO EASEMENTS, COVENANTS, CONDITIONS, RESTRICTIONS, AGREEMENTS, ROYALTIES, MINERAL INTERESTS OR LEASEHOLD INTERESTS OF MINERAL RIGHTS.

E). ANY BANKRUPTCY PROCEEDING THAT IS NOT DISCLOSED BY THE ACTS THAT WOULD AFFORD NOTICE AS TO SAID LAND, PURSUANT TO TITLE 11 U.S.C. 549 (C) OF THE BANKRUPTCY REFORM ACT OF 1978, AS AMENDED.

2.    PROPERTY TAXES, INCLUDING ANY PERSONAL PROPERTY TAXES AND ANY ASSESSMENTS COLLECTED WITH TAXES, FOR THE FISCAL YEAR 2013-2014, ASSESSOR`S PARCEL NUMBER 429-0001-118-00

CODE AREA:  80-150
1ST INSTALLMENT:  $2,049.35 PAID
2ND INSTALLMENT:  $2,049.35 OPEN
LAND:  $97,500.00
IMPROVEMENTS:  $227,500.00
EXEMPTION:  $7,000.00 HOMEOWNER

3.    A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY
AMOUNT:  $355,933.00
DATED:  08/14/2009
TRUSTOR:  NICOLE SHAW-OWENS SINGLE WOMAN
TRUSTEE:  NORTH AMERICAN TITLE COMPANY
BENEFICIARY:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LEND AMERICA, A NEW YORK CORPORATION
RECORDED:  08/20/2009  AS INSTRUMENT #2009273630 OF OFFICIAL RECORDS

AN AGREEMENT TO MODIFY THE TERMS AND PROVISIONS OF SAID DEED OF TRUST AS THEREIN PROVIDED
EXECUTED BY:   NICOLE SHAW-OWENS SINGLE WOMAN AND GOVERNMENT NATIONAL MORTGAGE ASSOCIATION IDEAL MORTGAGE BANKERS D/B/A LEND AMERICA
RECORDED:  05/06/2011 AS INSTRUMENT #2011139034   OF OFFICIAL RECORDS.

AN ASSIGNMENT OF THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST WHICH NAMES:
ASSIGNOR:   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LEND AMERICA, A NEW YORK CORPORATION, ITS SUCCESSORS AND ASSIGNS
ASSIGNEE:  GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
RECORDED:  03/04/2014  AS INSTRUMENT #2014060662 OF OFFICIAL RECORDS.

AN ASSIGNMENT OF THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST WHICH NAMES:
ASSIGNOR:  GOVERNMENT NATIONAL MORTGAGE ASSOCIATION BY LOANCARE, A DIVISION OF FNF SERVICING, INC. NKA LOANCARE, LLC AS ATTORNEY IN FACT UNDER A LIMITED POWER OF ATTORNEY
ASSIGNEE:  LOANCARE, A DIVISION OF FNF SERVICING, INC. NKA LOANCARE, LLC
RECORDED:  03/04/2014  AS INSTRUMENT #2014060663 OF OFFICIAL RECORDS.

Order No.: 1592426                                      Customer Reference: CA07000056-14

## SCHEDULE B

**EXCEPTIONS** *(continued)*:

A SUBSTITUTION OF TRUSTEE UNDER SAID DEED OF TRUST WHICH NAMES AS THE SUBSTITUTED TRUSTEE, THE FOLLOWING
TRUSTEE: MTC FINANCIAL INC. DBA TRUSTEE CORPS
RECORDED: 03/17/2014 AS INSTRUMENT #2014069282   OF OFFICIAL RECORDS

A NOTICE OF DEFAULT UNDER THE TERMS OF SAID DEED OF TRUST
EXECUTED BY:  MTC FINANCIAL INC. DBA TRUSTEE CORPS AS DULY APPOINTED SUCCESSOR TRUSTEE
RECORDED: 03/24/2014 AS INSTRUMENT #2014073981   OF OFFICIAL RECORDS

4.   A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY
AMOUNT: $64,087.21
DATED:   04/14/2011
TRUSTOR: NICOLE SHAW-OWENS
TRUSTEE: NORTH AMERICAN TITLE COMPANY
BENEFICIARY: SECRETARY OF HOUSING AND URBAN DEVELOPMENT
RECORDED:   05/06/2011 AS INSTRUMENT #2011139033   OF OFFICIAL RECORDS

5.   A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY
AMOUNT: $20,530.35
DATED:   02/05/2013
TRUSTOR: NICOLE SHAW-OWENS, A SINGLE WOMAN
TRUSTEE: CALHFA MORTGAGE ASSISTANCE CORPORATION, A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION
BENEFICIARY: CALHFA MORTGAGE ASSISTANCE CORPORATION, A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION
RECORDED:   02/28/2013 AS INSTRUMENT #2013080720   OF OFFICIAL RECORDS

6.   THE PROPERTY ADDRESS OF SAID LAND IS 288 LOUETTE COURT, HAYWARD, CA, IN ALAMEDA COUNTY.  TAX RATE NUMBER IS 80-150, AND THE ASSESSOR'S PARCEL NUMBER IS 429-0001-118-00.

## END OF EXCEPTIONS

Order No.: 1592426                                                    Customer Reference: CA07000056-14

## SCHEDULE C
## INFORMATION FOR THE TRUSTEE

Relative to the Deed of Trust shown as Exception No. 3 of this Guarantee:

1. The Trustee must observe the requirements of Section 2924b of the California Civil Code as to the 'Notices' to be sent to the trustor(s). The name(s) of the Trustor(s) and the address(es), if any, shown in said deed of trust

   
   NICOLE SHAW-OWENS
   288 LOUETTE COURT
   HAYWARD, CA 94541

2. The name(s) and address(es) of persons who have recorded requests, other than the original trustor(s), as provided by Section 2924b (a) and (d) of the California Civil Code, for a copy of Notice of Default and for a copy of Notice of Sale are:

   NONE

3. The names and addresses of additional persons who, as provided by section 2924b (c) (1) and (2) of the California Civil Code, are entitled to receive a copy of Notice of Default and Notice of Sale are:

   
   CALHFA MORTGAGE ASSISTANCE CORPORATION
   P.O. BOX 5678
   RIVERSIDE, CA 92517
   RE: ITEM(S) NO. 5

   CALHFA MORTGAGE ASSISTANCE CORPORATION
   C/O CORELOGIC
   450 E. BOUNDARY STREET
   CHAPIN, SC 29036
   RE: ITEM(S) NO. 5

   SECRETARY OF HOUSING AND URBAN DEVELOPMENT
   451 SEVENTH STREET, SW
   WASHINGTON, DC 10410
   RE: ITEM(S) NO. 4

   SECRETARY OF HOUSING AND URBAN DEVELOPMENT
   C/O CHICAGO TITLE SERVICELINK DIVISION
   4000 INDUSTRIAL BLVD
   ALIQUIPPA, PA 15001
   RE: ITEM(S) NO. 4

4. The names and addresses of state taxing agencies which, as provided by Section 2924b (c) (3) of the California Civil Code, are entitled to receive a copy of Notice of Sale are:

   NONE

5. The names and addresses of the Internal Revenue Service, which, as provided by Section 2924b (c) (4) of the California Civil Code, is entitled to receive a copy of Notice of Sale are:

   NONE

6. The name(s) and address(es) of the persons disclosed by the records examined, other than those to whom 'notice' is required by Section 2924b of the California Civil Code, who might be interested in receiving a copy of any

Order No.: 1592426                                                   Customer Reference: CA07000056-14

SCHEDULE C
INFORMATION FOR THE TRUSTEE *(continued)*

recorded Notice of Default or a copy of any recorded Notice of Sale are:

NONE

7.  The name and address of any association as defined in Section 1351(a) of the California Civil Code which, as
    provided by Section 2924b (f) of the California Civil Code, is entitled to receive a copy of any trustee's deed upon
    sale concerning a separate interest governed by the association is:

    NONE

8.  **JUDICIAL DISTRICT** in which said land is located:  SAN LEANDRO / HAYWARD

9.  Legal publication:

    **PUBLICATION NAME: DAILY REVIEW**
    **PUBLISHED: DAILY**

10. Attention is called to the Servicemembers Civil Relief Act (Public Law 108-189, 50 USC Appx. Sections 501 et seq.)
    and any amendments thereto and the Military Reservist Relief Act of 1991 (California Military and Veterans Code
    Sections 800 et seq.) and any amendments thereto, each of which contain restrictions against the sale of land
    under a Deed of Trust if the owner is entitled to the benefits of said Acts.

11. Attention is called to the Federal Tax Lien Act of 1966 (Public Law 89-719, 26 USC Sections 6321 et seq.) and any
    amendments thereto, which, among other things, provides for the giving of written Notice of Sale in a specified
    manner to the Secretary of the Treasury or his or her delegate as a requirement for the discharge or divestment of
    a Federal Tax Lien in a non-judicial sale, and establishes with respect to that a lien a right in the United States to
    redeem the property within a period of 120 days from the date of any such sale.

12. Attention is called to SB 1137 (California Civil Code Section 2923.5) and any amendments thereto, which, among
    other things requires the Mortgagee, Trustee, Beneficiary or Authorized Agent, to contact homeowners to explore
    restructuring options before initiating the nonjudicial foreclosure process. The statute became operative on
    September 6, 2008 and applies to loans made from January 1, 2003 to December 31, 2007, secured by deeds of
    trust on owner-occupied residential property. A special declaration must be attached to or made a part of a Notice
    of Default recorded on or after September 8, 2008. If a Notice of Default was recorded prior to September 8,
    2008, a Notice of Sale must also include the special declaration which confirms that the Mortgagee, Trustee,
    Beneficiary, or Authorized Agent, has complied with the due diligence requirements in contacting the borrower or
    that the borrower has surrendered the property.

13. Attention is called to ABX2 7 of the California Foreclosure Prevention Act and codified as California Civil Code
    Section § 2923.52 et seq., and any amendments thereto, which among other things provides specified borrowers
    an additional 90 days in the non-judicial home foreclosure process, unless the mortgage loan servicer responsible
    for servicing the borrower's loan established that it has implemented a comprehensive loan modification program,
    as described in Civil Code Section 2923.53, and the servicer obtains an order, as specified, from the Commissioner
    of Corporations, Financial Institutions, or Real Estate. The order from the Commissioner of Corporations, Financial
    Institutions, or Real Estate exempts a mortgage loan servicer from the requirement in Civil Code Section
    2923.52(a) that a borrower be provided an additional 90 days in the non-judicial home foreclosure process.

    The Departments of Corporations, Financial Institutions, and Real Estate are required to adopt regulations to
    clarify the application of Civil Code Sections 2923.52 and 2923.53 (Section 2923.53(d) of the California Foreclosure
    Prevention Act).

## SCHEDULE C
### INFORMATION FOR THE TRUSTEE *(continued)*

ABX2 7 took effect on June 15, 2009.

## SCHEDULE OF EXCLUSIONS FROM COVERAGE OF THIS GUARANTEE

1. Except to the extent that specific assurances are provided in Schedule A of this Guarantee, the Company assumes no liability for loss or damage by reason of the following:

   a. Defects, liens, encumbrances, adverse claims or other matters against the title, whether or not shown by the public records.

   b. (1) Taxes or assessments of any taxing authority that levies taxes or assessments on real property; or (2) Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not the matters excluded under (1) or (2) are shown by the records of the taxing authority or by the public records.

   c. (1) Unpatented mining claims; (2) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (3) water rights, claims or title to water, whether or not the matters excluded under (1), (2) or (3) are shown by the public records.

2. Notwithstanding any specific assurances which are provided in Schedule A of this Guarantee, the Company assumes no liability for loss or damage by reason of the following:

   a. Defects, liens, encumbrances, adverse aims or other matters affecting the title to any property beyond the lines of the Land expressly described in the description set forth in Schedule (A), (C) or in Part 2 of this Guarantee, or title to streets, roads, avenues, lanes, ways or waterways to which such land abuts, or the right to maintain therein vaults, tunnels, ramps or any structure or improvements; or any rights or easements therein, unless such property, rights or easements are expressly and specifically set forth in said description.

   b. Defects, liens, encumbrances, adverse claims or other matters, whether or not shown by the public records; (1) which are created, suffered, assumed or agreed to by one or more of the Assureds; (2) which result in no loss to the Assured; or (3) which do not result in the invalidity or potential invalidity of any judicial or non-judicial proceeding which is within the scope and purpose of the assurances provided.

   c. The identity of any party shown or referred to in Schedule A.

   d. The validity, legs effect or priority of any matter shown or referred to in this Guarantee.

## GUARANTEE CONDITIONS AND STIPULATIONS

### 1. DEFINATION OF TERMS

The following terms when used in the Guarantee mean:

(a) **The Assured:** The party or parties named as the Assured in this Guarantee, or on a supplemental writing executed by the Company.

(b) **Land:** The land described or referred to in Schedule (A), (C) or in Part 2, and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule (A), (C) or in Part 2, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways.

(c) **Mortgage:** Mortgage, deed of trust, trust deed, or other security instrument.

(d) **Public Records:** records established under state statutes at Date of Guarantee for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge;

(e) **Date:** The effective date;

### 2. NOTICE OF CLAIM TO BE GIVEN BY ASSURED CLAIMANT

An Assured shall notify the Company promptly in writing in case knowledge shall come to an Assured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as stated herein, and which might cause loss or damage for which the Company may be liable by virtue of this Guarantee. If prompt notice shall not be given to the Company, then all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any Assured under this Guarantee unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

### 3. NO DUTY TO DEFEND OR PROSECUTE

The Company shall have no duty to defend or prosecute any action or proceeding to which the Assured is a party, notwithstanding the nature of any allegation in such action or proceeding.

### 4. COMPANY'S OPTION TO DEFEND OR PROSECUTE ACTIONS; DUTY OF ASSURED CLAIMANT TO COOPERATE

Even though the Company has no duty to defend cc prosecute as set forth in Paragraph 3 above:

(a) The company shall have the right, at its sole option and cost, to institute and prosecute any action or proceeding, interpose a defense, as limited in (b), or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest as stated herein, or to establish the lien rights of the Assured, or to prevent or reduce loss or damage to the Assured. The Company may take any appropriate action under the terms of this Guarantee, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this Guarantee. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

(b) If the Company elects to exercise its options as stated in Paragraph 4(a), the Company shall have the right to select counsel of its choice (subject to the right of such Assured to object for reasonable cause) to represent the Assured and shall not be liable for and will not pay the fees of any other counsel, nor will the Company pay any fees, costs or expenses incurred by an Assured in the defense of those causes of action which allege matters not covered by this Guarantee.

(c) Whenever the Company shall have brought an action or interposed a defense as permitted by the provisions of this Guarantee, the Company may pursue any litigation to final determination by a

Order No.: 1592426

court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from an adverse judgment or order.

(d) In all cases where this Guarantee permits the Company to prosecute or provide for the defense of any action or proceeding, an Assured shall secure to the Company the right to so prosecute or provide for the defense of any action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of such Assured for this purpose. Whenever requested by the Company, an Assured, at the Company's expense, shall give the Company all reasonable aid in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or lawful act which in the opinion of the Company may be necessary cc desirable to establish the title to the estate or interest as stated herein, or to establish the lien rights of the Assured. If the Company is prejudiced by the failure of the Assured to furnish the required cooperation, the Company's obligations to the Assured under the Guarantee shall terminate.

## 5.   PROOF OF LOSS OR DAMAGE

In addition to and after the notices required under Section 2 of these Conditions and Stipulations have been provided to the Company, a proof of loss or damage signed and sworn to by the Assured shall be furnished to the Company within ninety (90) days after the Assured shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the matters covered by this Guarantee which constitute the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the Assured to provide the required proof of loss or damage, the Company's obligation to such Assured under the Guarantee shall terminate. In addition, the Assured may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection, and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda whether bearing a date before or after Date of Guarantee, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the Assured shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect, and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the Assured provided to the Company pursuant to this Section shall not be disclosed to others unless, m the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the Assured to submit for examination under oath, produce other reasonably requested information, or grant permission to secure reasonably necessary information from third parties as required in the above paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this Guarantee to the Assured for that claim.

## 6.   OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY

In case of a claim under this Guarantee, the Company shall have the following additional options:

(a) **To Pay or Tender Payment in the Amount of Liability or to Purchase the Indebtedness**

The Company shall have the option to pay or settle or compromise for or in the name of the Assured any claim which could result in loss to the Assured within the coverage of this Guarantee, or to pay the full amount of this Guarantee or, if this Guarantee is issued for the benefit of a holder of a mortgage or a lienholder, the Company shall have the option to purchase the indebtedness

secured by said mortgage or said lien for the amount owing thereon, together with any costs, reasonable attorneys fees and expenses incurred by the Assured claimant which were authorized by the Company up to the time of purchase.

Such purchase, payment or tender of payment of the full amount of the Guarantee shall terminate all liability of the Company hereunder. In the event after notice of claim has been given to the Company by the Assured the Company offers to purchase said indebtedness, the owner of such indebtedness shall transfer and assign said indebtedness, together with any collateral security, to the Company upon payment of the purchase price.

Upon the exercise by the Company of the option provided for in Paragraph (a) the Company's obligation to the Assured under this Guarantee for the claimed loss or damage, other than to make the payment required in that paragraph, shall terminate, including any obligation to continue the defense or prosecution of any litigation for which the Company has exercised its options under Paragraph 4, and the Guarantee shall be surrendered to the Company for cancellation.

(b) **To Pay or Otherwise Settle with Parties Other Than the Assured or With the Assured Claimant**

To pay or otherwise settle with other parties for or in the name of an Assured claimant any claim assured against under this Guarantee, together with any costs, attorneys' fees and expenses incurred by the Assured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of the option provided in Paragraph (b) the Company's obligation to the Assured under this Guarantee for the claimed loss or damage, other than to make the payment required in that paragraph, shall terminate, including any obligation to continue the defense or prosecution of any litigation for which the Company has exercised its options under Paragraph 4.

## 7.   DETERMINATION AND EXTENT OF LIABILITY

This Guarantee is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Assured claimant who has suffered loss or damage by reason of reliance upon the assurances set forth in this Guarantee and only to the extent herein described, and subject to the Exclusions From Coverage of This Guarantee.

The liability of the Company under this Guarantee to the Assured shall not exceed the least of:

(a) The amount of liability state in Schedule A or in Part 2;

(b) The amount of the unpaid principal indebtedness secured by the mortgage of an Assured mortgage, as limited or provided under Section 6 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage assured against by this Guarantee occurs, together with interest thereon; or

(c) The difference between the value of the estate or interest covered hereby as stated herein and the value of the estate or interest subject to any defect, lien or encumbrance assured against by this Guarantee,

## 8.   LIMITATION OF LIABILITY

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures any other matter assured against by this Guarantee in a reasonably diligent manner by any method,

Order No.: 1592426

Including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby,

(b) In the event & any litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title, as stated herein.

(c) The Company shall not be liable for loss or damage b any Assured for liability voluntarily assumed by the Assured in settling any claim or suit without the prior written consent of the Company.

## 9. REDUCTION OF LIABILITY OR TERMINATION OF LIABILITY

All payments under this Guarantee, except payments made for costs, attorneys' fees, and expenses pursuant b paragraph 4 shall reduce the amount of liability pro tanto.

## 10. PAYMENT OF LOSS

(a) No payment shall be made without producing this Guarantee for endorsement of the payment unless the Guarantee has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within thirty (30) days thereafter,

## 11. SUBROGATION UPON PAYMENT OR SETTLEMENT

Whenever the Company shall have settled and paid a claim under this Guarantee, all right of subrogation shall vest in the Company unaffected by any act of the Assured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the Assured would have had against any person or property in respect to the claim had this Guarantee not been issued. If requested by the Company, the Assured shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The Assured shall permit the Company to sue, compromise, or settle in the name of the Assured and to use the name of the Assured in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the Assured, the Company shall be subrogated to all rights and remedies of the Assured after the Assured shall have recovered its principal, interest and costs of collection.

## 12. ARBITRATION

Unless prohibited by applicable law, either the Company or the Assured may demand arbitration pursuant to the Tale Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Assured arising out of or relating to this Guarantee, any service of the Company in connection with its issuance or the breach of a Guarantee provision or other obligation. All arbitrable matters when the Amount of Liability is $1,000,000 or less shall be arbitrated at the option of either the Company or the Assured. All arbitrable matters when the Amount of Liability is in excess of $1,000,000 shall be arbitrated only when agreed b by both the Company and the Assured. The Rules in effect at Date of Guarantee shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permits a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court of having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

## 13. LIABILITY LIMITED TO THIS GUARANTEE; GUARANTEE ENTIRE CONTRACT

(a) This Guarantee together with all endorsements, if any, attached hereto by the Company is the entire Guarantee and contract between the Assured and the Company. In interpreting any provision of this Guarantee, this Guarantee shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, or any action asserting such claim, shall be restricted to this Guarantee.

(c) No amendment of or endorsement except by a writing endorsed hereon or attached hereon signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

## 14. NOTICES, WHERE SENT

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this Guarantee and shall be addressed to the Company at:

CHICAGO TITLE INSURANCE COMPANY
National Claims Administration
PO BOX 45023
JACKSONVILLE, FL 32232

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In Re 288 Louette Court, Hayward, CA 94541 | |

**ATTACHMENT** *(Number):*  8

*(This Attachment may be used with any Judicial Council form.)*

Nicole Shaw-Owens
1531 Marina Court, Apt. E
San Mateo, CA 94403
(Trustor)

Nicole Shaw-Owens
5678 3rd Street
San Francisco, CA 94124
(Trustor)

California Housing Finance Agency Mortgage
Assistance Corporation
Attn:  Bill Feigles, Compliance Manager
Post Office Box 4034
Mail Stop 1480
Sacramento, CA 95812
(Lien Claimant, Timely Filed)

Secretary of Housing and Urban Development
1 Sansome Street, Suite 1200
San Francisco, CA 94104
(Lien Claimant, No Claim Filed)

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)*

*(Add pages as required)*

**ATTACHMENT**
**to Judicial Council Form**

IRV #4850-6495-6712 v1

EXHIBIT 8

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1851 East First Street - Suite 1550
Santa Ana, California  92705-4067
voice 949.265.3420
www.bwslaw.com

BURKE, WILLIAMS & SORENSEN, LLP

Direct No.:  949.265.3420
Our File No.:  06390-0478

August 26, 2015

## NOTICE OF INTENT TO DEPOSIT FUNDS PURSUANT TO CALIFORNIA CIVIL CODE SECTION 2924j(d)

Re:   Notice of Surplus Proceeds of Trustee's Sale
Property:    288 Louette Court, Hayward, CA 94541
Borrower:   Shaw-Owens, Nicole
TS #:         CA07000056-14
Date of Sale: March 9, 2015

Pursuant to California Civil Code § 2924j(d), MTC Financial Inc. dba Trustee Corps hereby gives notice of its intent to:

1.      Deposit the funds from the trustee's sale with the clerk of the court;

2.      The address of the court is: Alameda County Superior Court, 1221 Oak Street, Oakland, CA 94612.

3.      The telephone number of the court to obtain additional information is: (510) 891-6000.

PLEASE TAKE NOTICE that a petition and declaration will be filed with the clerk of the court within 30 days from this notice.

If you have any questions, please contact my Case Assistant, Dee van Daalen Wetters at dwetters@bwslaw.com or call her at (949) 265-3420.

Sincerely,

/s/ Richard J. Reynolds

RICHARD J. REYNOLDS

RJR:dvdw

# EXHIBIT 13

IRV #4816-3932-5479 v1

Los Angeles  -  Inland Empire  -  Marin County  -  Oakland  -  Orange County  -  Palm Desert  -  Silicon Valley  -  Ventura Coun

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Ventura County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2310 E. Ponderosa Drive, Suite 25, Camarillo, CA 93010.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On August 26, 2015, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF INTENT TO DEPOSIT FUNDS PURSUANT TO CALIFORNIA CIVIL CODE SECTION 2924j(d)**

in a sealed envelope, postage fully paid, addressed as follows:

Nicole Shaw Owens
1531 Marina Court, Apt. E
San Mateo, CA 94403
(Trustor)

California Housing Finance Agency Mortgage
Assistance Corporation
Attn: Bill Feigles, Compliance Manager
Post Office Box 4034
Mail Stop 1480
Sacramento, CA 95812
 (Lien Claimant; Timely Filed)

Secretary of Housing and Urban Development
1 Sansome Street, Suite 1200
San Francisco, CA 94104
(Lien Claimant, No Claim Filed)

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

///

///

///

CAM #4827-8083-1527 v1

Executed on August 26, 2015 at Camarillo, California.

_____
Kathleen van Daalen Wetters

CAM #4827-8083-1527 v1

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| In Re 288 Louette Court, Hayward, CA 94541 | |

**ATTACHMENT** *(Number):* __11a__

*(This Attachment may be used with any Judicial Council form.)*

Attached as Exhibit A is a true and correct copy of the claim received by CALHFA Mortgage Assistance Corporation for its claim to the surplus funds in the amount of $20,530.35.

Attached as Exhibit B is a true and correct of the claim received by the borrower Nicole Shaw-Owens to the surplus funds.

Attached as Exhibit C is a notice of surplus funds under California Civil Code Section 2924j directed to the Secretary of Housing and Urban Development along with a copy of the Subordinate Mortgage as it appears on the TSG. No response to that notice or the prior notice given by Trustee Corps has ever been received.

Attorneys for the trustee are unable to determine how to proceed since the Secretary of Housing and Urban Development would be entitled to the surplus funds if they had filed a claim given the priority of their recorded lien.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _1_ of _1_

*(Add pages as required)*

IRV #4851-6935-5560 v1

ATTACHMENT to Judicial Council Form

www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT 11a

# EXHIBIT A



### TRUSTEE CORPS
*Experience. Trust. Integrity.*

## Surplus Proceeds Claim Form

Claimant/Beneficiary: CALHFA MORTGAGE ASSISTANCE CORPORATION
Trustee Corps File No.: CA07000056-14
Borrower: NICOLE SHAW-OWENS
Property Address: 288 LOUETTE COURT, HAYWARD, CA 94541

The following amounts were secured by a Deed of Trust or lien on the above referenced property prior to the senior Deed of Trust holder's foreclosure sale, and these amounts were outstanding to the sale date: 03/09/2015

Unpaid Principal Balance $ *20,530.35*

Interest to _____ $ _____
Other (describe) _____ $ _____

_____ $ _____

**Total Due:** $ *20,530.35*

I certify under PENALTY OF PERJURY under the laws of the State of *California* that the foregoing is true and correct.
Signature: *Diane M Richard* (Title) *Diane M. Richardson, President*

| ATTACHMENTS: |
|---|
| ___ Document evidencing the claim: copy of Payoff, recording of lien, Note, Deed of Trust, etc. |
| ___ The claim has been fully released |

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

STATE OF _____ }

COUNTY OF _____}

On _____before me, _____ Notary Public,
personally appeared _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*(see attached Jurat/Acknowledgement)*

Signature: _____ (Seal)

17100 Gillette Ave. Irvine, CA 92614
Tel: 949-252-8300
Fax: 949252-8330

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of SACRAMENTO

On 5/27/2015, before me, D. TEORA , a Notary Public, personally appeared,
Diane M. Richardson,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

D. TEORA
Comm. #1963205
Notary Public- California
Yolo County
Comm. Expires Dec 17, 2015

ATTENTION NOTARY: Although the information requested below is OPTIONAL, it could prevent fraudulent attachment of this certificate to another document.

THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED BELOW:

Title or Type of Document: Surplus Proceeds Claim form
Number of Pages: 1          Date of Document: 5/27/2015
Signer(s) (Other than Named Above): None
Shaw-Owens #1136806

2015

# STATEMENT OF CLAIM TO SURPLUS FUNDS
## -JUNIOR LIEN INTEREST HOLDER-

Claimant:        California Housing Finance Agency Mortgage Assistance Corp. (CalHFA MAC)

Trustee Sale No:     CA07000056-14

Borrower(s):      Nicole Shaw-Owens

Property Address:    288 Louette Court, Hayward, CA 94541

File Number (if applicable):    N/A

1. This claim is made upon a Note and Deed of Trust, held by Claimant, recorded in the real property records of Alameda County, CA, on  2/28/13, Instrument No. 2013080720

2. CalHFA MAC (Claimant) hereby makes a claim to any surplus funds resulting from that sale to which it is entitled, up to and including the amount of $20,530.35.

The amount is itemized as follows:

Principal:                   $ 20,530.35

Interest (up to date of Trustee's Sale):  $ -0-

Total Claim:              $ 20,530.35

I/We submit this claim under penalty of perjury under the laws of the State of California.  Submitted this 27th day of May, 2013. 2015

By: _____
  Diane Richardson
  President
  California Housing Finance Agency-Mortgage Assistance Corp.

RECORDING REQUESTED BY:
CalHFA Mortgage Assistance Corporation
Keep Your Home California Program.

WHEN RECORDED MAIL TO:
CoreLogic
450 E. Boundary Street
Chapin, SC 29036

No. 1136806


Case Nbr:   22941300




2013080720   02/28/2013 02:12 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:        40.00

6   PGS

A02
6
GS

This space for Recorder's use

### DEED OF TRUST
*(Keep Your Home California Program)*

#### NOTICE TO HOMEOWNER
#### THIS DEED OF TRUST CONTAINS
#### PROVISIONS RESTRICTING ASSUMPTIONS

This Deed of Trust is made on February 5, 2013, by NICOLE SHAW-OWENS, A SINGLE WOMAN, (the "Homeowner") whose address is 288 Louette Ct, Hayward, CA 94541-2323 to the CalHFA Mortgage Assistance Corporation, a California nonprofit public benefit corporation (the "Trustee") whose address is P.O. Box 5678, Riverside, CA 92517 in favor of the CalHFA Mortgage Assistance Corporation, a California nonprofit public benefit corporation, as beneficiary, (the "CalHFA MAC") whose address is P.O. Box 5678, Riverside, CA 92517 and any successor or assigns.

1.      HOMEOWNER, IN CONSIDERATION OF THE INDEBTEDNESS HEREIN RECITED AND THE TRUST HEREIN CREATED HEREBY IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to Trustee in trust, with power of sale and right of entry and possession, all of Homeowner's right, title and interest now held or hereafter acquired in and to the following: (a) all of that certain real property (the "Property") located in the County of ALAMEDA, State of California, described below as,

THE FOLLOWING DESCRIBED PROPERTY IN THE UNINCORPORATED AREA OF, COUNTY OF ALAMEDA, STATE OF CALIFORNIA: LOT 16, TRACT 1656, FILED OCTOBER 19, 1955, MAP BOOK 36, PAGE 64; ALAMEDA COUNTY RECORDS.

APN: 429-0001-118

which property address is 288 Louette Ct, Hayward, CA 94541-2323
which is incorporated herein by this reference; and (b) all buildings, improvements and fixtures now or hereafter erected thereon, and all appurtenances, easements, and articles of property now or hereafter affixed to, placed upon or used in connection with the Property, together with all additions to, substitutions for, changes in or replacements of the whole or any part of said articles of property (all of which real and personal property are sometimes referred to as the "Property"); all of which are hereby pledged and assigned, transferred, and set over onto Trustee, and for purposes of this Deed of Trust declared to be part of the realty; provided, however, that furniture and other personal property of Homeowner now or hereafter situated on said real property are not intended to be included as part of the Property.

2.      THE ABOVE GRANT, TRANSFER, AND ASSIGNMENTS ARE FOR THE PURPOSE OF SECURING:

Payment of the indebtedness evidenced by that certain promissory note of Homeowner of even date herewith and titled "Promissory Note (Open-Ended Credit) *Keep Your Home California Program*" (the "Note") of Homeowner in the face amount of Twenty thousand, five hundred thirty dollars and 35/100, ($20,530.35) (which amount, under the Note, may ·be increased or decreased due to changes in Trustor's monthly mortgage payment and/or expenses incurred by Trustor's primary mortgage lender in connection with Trustor's default under their primary mortgage loan, either of which may occur after the initial date of the Note, but in no case shall such amount exceed the maximum benefit assistance of the approved program in the amount equal to $27,000.00 in the aggregate.)", and any and all amendments, modifications, extensions or renewals of the Note.

3     TO PROTECT THE SECURITY OF THIS DEED OF TRUST, HOMEOWNER AGREES:

3.1     *Maintenance of the Property.* (a) To keep the Property in a decent, safe, sanitary, tenantable condition and repair and permit no waste thereof; (b) not to commit or suffer to be done or exist on or about the Property any condition causing the Property to become less valuable; (c) not to remove, demolish or structurally alter any buildings and improvements now or hereinafter located on the Property; (d) to repair, restore or rebuild promptly any buildings or improvements on the Property that may become damaged or be destroyed while subject to the lien of this Deed of Trust; (e) to comply with all applicable laws, ordinances and governmental regulations affecting the Property or requiring any alteration or improvement thereof, and not to suffer or permit any violations of any such law, ordinance or governmental regulation, nor of any covenant, condition or restriction affecting the Property; (f) not to initiate or acquiesce in any change in any zoning or other land use or legal classification which affects any of the Property without CalHFA MAC's written consent; and (g) not to alter the use of all or any part of the Property without the prior written consent of CalHFA MAC.

3.2     *Insurance.* To keep the Property insured against loss or damage by fire and such other hazards, casualties and contingencies and by such companies, on such forms and in the amount of the replacement cost of the buildings or improvements on the Property. Neither Trustee nor CalHFA MAC shall by reason of accepting, rejecting, approving or obtaining insurance incur any liability for the existence, nonexistence, form or legal sufficiency of such insurance, or solvency of any insurer for payment of losses.

3.3     *Payment of Taxes and Utility Charges.* To pay, at least ten (10) days prior to delinquency, all taxes and assessments, both general and special, fines, penalties, levies and charges of every type or nature levied upon or assessed against any part of the Property.

4.     IT IS MUTUALLY AGREED THAT:

4.1     *Awards and Damages.* All judgments, awards of damages, settlements and compensation made in connection with or in lieu of (a) taking of all or any part of or any interest in the Property by or under assertion of the power of eminent domain, (b) any damage to or destruction of the Property or any part thereof by insured casualty, and (c) any other injury or damage to all or any part of the Property, are hereby assigned to and shall be paid to CalHFA MAC. CalHFA MAC is authorized and empowered (but not required) to collect and receive any such sums and is authorized to apply them in whole or in part upon any indebtedness or obligation secured hereby, in such order and manner as CalHFA MAC shall determine at its option. CalHFA MAC shall be entitled to settle and adjust all claims under insurance policies provided under this Deed of Trust and may deduct and retain from the proceeds of such insurance the amount of all expenses incurred by it in connection with any such settlement or adjustment. All or any part of the amounts so collected and recovered by CalHFA MAC may be released to Homeowner upon such conditions as CalHFA MAC may impose for its disposition. Application of all or any part of the amounts collected and received by CalHFA MAC or the release thereof shall not cure or waive any default under this Deed of Trust. If the Property is abandoned by Homeowner, or if, after notice by CalHFA MAC to Homeowner that the condemnor offers to make an award or settle a claim for damages, Homeowner fails to respond to CalHFA MAC within thirty (30) days after the date such notice is mailed, CalHFA MAC is authorized to collect and apply the proceeds, at CalHFA MAC's option, either to restoration or repair of the Property or to the sum secured by this Deed of Trust.

4.2     *Prohibition on Transfer of Interests.* Homeowner shall not make any sale, lease, conveyance of the Property in any form, or any part thereof or interest therein, without the prior written consent of CalHFA MAC. CalHFA MAC may decline to give such consent in its sole discretion.

4.3     *Principal Forgiveness. If the Homeowner is a Qualified Homeowner at all times prior to and on the third year anniversary of the date of the Note, 100% of the principal amount outstanding under the Note shall be reduced and forgiven.*

4.4     *Repayment of advance.* The indebtedness secured by this Deed of Trust is a deferred payment obligation. Unless the principal amount of the indebtedness securing this Deed of Trust is forgiven pursuant to paragraph 4.3, or unless CalHFA MAC otherwise agrees in writing, Homeowner shall repay to the CalHFA MAC the principal and any other amounts due under the Note on the earliest of the following occurrence:

(a) The first lien indebtedness on the Property is paid in full or reaches its maturity date, whichever occurs first;

(b) The first lien indebtedness on the Property is refinanced and homeowner receives more than one percent (1%) of the principal amount of the new loan in cash;

(c) The first lien indebtedness on the Property is assumed

(d) Title to the Property is transferred; or

(e) The first lien indebtedness on the Property becomes due and payable for any reason.

4.5    *Sale or Forbearance.*  No sale of the Property, forbearances on the part of CalHFA MAC or extension of the time for payment of the indebtedness hereby secured shall operate to release, discharge, waive, modify, change or affect the liability of Homeowner either in whole or in part.

4.6    *CalHFA MAC's Rights to Release.*  Without affecting the liability of any person for payment of any indebtedness hereby secured (other than any person released pursuant hereto), including without limitation any one or more endorsers or guarantors, and without affecting the lien hereof upon any of the Property not released pursuant hereto, at any time and from time to time without notice: (a) CalHFA MAC may, at its sole discretion, (i) release any person now or hereafter liable for payment of any or all such indebtedness, (ii) extend the time for or agree to alter the terms of payment of any or all of such indebtedness, and (iii) release or accept additional security for such indebtedness, or subordinate the lien or charge hereof; and (b) Trustee, acting pursuant to the written request of CalHFA MAC, may reconvey all or any part of the Property, consent to the making of any map or plat thereof, join in granting any easement thereon, or join in any such agreement of extension or subordination.

4.7    *Reconveyance.*  Upon written request of CalHFA MAC stating that all sums and obligations secured hereby have been discharged, or otherwise as requested in writing by CalHFA MAC, and upon surrender of this Deed of Trust and the Note and any additional notes to Trustee for cancellation, and upon payment to Trustee of its fees and expenses, Trustee shall reconvey, without warranty, the Property or that part thereof then held hereunder. The recitals in any reconveyance shall be conclusive proof of their truthfulness and the grantee in any such reconveyance may be described "as the person or persons legally entitled thereto." When the Property has been fully reconveyed, the last such reconveyance shall operate as a reassignment of all of the rents, royalties, issues, accounts and profits of the Property to the person or persons legally entitled thereto unless such reconveyance expressly provides to the contrary.

5.    EVENTS OF DEFAULT

5.1    *Events of Default.*  Any one or more of the following events shall constitute a default under this Deed of Trust:  (a) failure of Homeowner to observe or to perform any covenant, condition or agreement to be observed or performed by Homeowner pursuant to the Note or this Deed of Trust; or (b) the occurrence of any event which, under the terms of the Note, shall entitle CalHFA MAC to exercise the rights or remedies thereunder; or (c) the occurrence of any event of default under the terms of any superior note or deed of trust on the Property.

5.2    *Acceleration and Sale.*

(a)    Acceleration.  In the event of any default CalHFA MAC, without demand on Homeowner, may declare all sums hereby secured immediately due and payable by notice thereof to Homeowner or by executing and recording or by causing Trustee to execute and record a notice of default and election to cause the Property to be sold to satisfy the obligations secured hereby or by the commencement of an appropriate action to foreclose this Deed of Trust or by any other appropriate manner;

(b)    Sale.  After delivery to Trustee of a notice of default and demand for sale and after the expiration of such time and the giving of such notice of default and sale as may then be required by law, and without demand on Homeowner, Trustee shall sell the Property at the time and place of sale fixed by it in said notice of sale, at public auction to the highest bidder for cash in lawful money of the United States of America, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale and from time to time thereafter may postpone such sale by public announcement at the time and place fixed by the preceding postponement. Any person, including Homeowner, Trustee or CalHFA MAC, may purchase at such sale. Upon such sale by Trustee it shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty expressed or implied.

The recitals in such deed of any matters or facts shall be conclusive proof of their truthfulness. Upon sale by Trustee, and after deducting all costs, expenses and fees of Trustee and of this Deed of Trust, Trustee shall apply the proceeds of sale to the payment of the principal indebtedness hereby secured, whether evidenced by the Note or otherwise, or representing advances made or costs or expenses paid or incurred by CalHFA MAC under this Deed of Trust, or any other instrument evidencing or securing any indebtedness hereby secured and to the payment of all other sums then secured hereby as provided in this Deed of Trust, or any other instrument evidencing or securing any indebtedness hereby secured, in such order as CalHFA MAC shall direct; and then the remainder, if any, shall

be paid to the person or persons legally entitled thereto.

5.3     *Attorney's Fees.* If Trustee or CalHFA MAC shall be made parties to or shall intervene in any action or proceeding affecting the Property or the title thereto or the interest of Trustee or CalHFA MAC under this Deed of Trust, or if CalHFA MAC employs an attorney to collect any or all of the indebtedness hereby secured or to foreclose this Deed of Trust, or authorizes Trustee to conduct trustee's sale proceedings hereunder, then Trustee and CalHFA MAC shall be reimbursed by Homeowner, immediately and without demand, for all reasonable costs, charges and attorney's fees incurred by them or either of them in any such case whether or not suit be commenced, and the same.

5.4     *Exercise of Remedies; Delay.* No exercise of any right or remedy by CalHFA MAC or Trustee hereunder shall constitute a waiver of any other right or remedy herein contained or provided by law, and no delay by CalHFA MAC or Trustee in exercising any such right or remedy hereunder shall operate as a waiver thereof or preclude the exercise thereof during the continuance of any default hereunder.

5.5     *Trustee Substitution.* The irrevocable power to appoint a substitute trustee or trustees hereunder is hereby expressly granted to CalHFA MAC, to be exercised at any time hereafter, without specifying any reason therefor by filing for record in the office where this Deed of Trust is recorded a deed of appointment, and said power of appointment of successor trustee or trustees may be exercised as often as and whenever CalHFA MAC deems advisable. The exercise of said power of appointment, no matter how often, shall not be deemed an exhaustion thereof, and upon recording of such deed or deeds of appointment, trustee or trustees so appointed shall thereupon, without further act or deed of conveyance, succeed to and become fully vested with identically the same title and estate in and to the Property hereby conveyed and with all the rights, powers, trusts and duties of the predecessor in the trust hereunder, with the like effect as if originally named as trustee or as one of the trustees.

5.6     *Remedies Cumulative.* No remedy herein contained or conferred upon CalHFA MAC or Trustee is intended to be exclusive of any other remedy or remedies afforded by law or by the terms hereof to CalHFA MAC or Trustee but each and every such remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.

6.     MISCELLANEOUS PROVISIONS

6.1     *Successors, Assigns, Gender, Number.* The covenants and agreements herein contained shall bind, and the benefit and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties. Wherever used, the singular number shall include the plural, and the plural the singular, and the use of any gender shall be applicable to all genders.

6.2     *Headings.* The headings are inserted only for convenience of reference and in no way define, limit, or describe the scope or intent of this Deed of Trust, or of any particular provision thereof, or the proper construction thereof.

6.3     *Actions on Behalf of CalHFA MAC.* Except as is otherwise specifically provided herein, whenever any approval, notice, direction, consent, request or other action by CalHFA MAC is required or permitted under this Deed of Trust, such action shall be in writing.

6.4     *Terms.* The word "CalHFA MAC" means the present CalHFA MAC, or any future owner or holder, including pledgee, of the indebtedness secured hereby.

6.5.     Qualified Homeowner means CalHFA MAC has determined, in its sole discretion from documentation provided by the Homeowner, that Homeowner is eligible to receive financial assistance under CalHFA MAC's Keep Your Home California Program and has satisfied all of the program criteria disclosed in writing to Homeowner, including without limitation occupying the Property as his/her principal residence.

6.6     *Obligations of Homeowner.* If more than one person has executed this Deed of Trust as "Homeowner", the obligations of all such persons hereunder shall be joint and several.

6.7     *Severability.* If any provision of this Deed of Trust shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions hereof shall not in any way be affected or impaired.

6.8     *Indemnification.* Homeowner shall indemnify and hold CalHFA MAC, its officers and agents harmless against any and all losses, claims, demands, penalties and liabilities which CalHFA MAC, its officers or agents may sustain or suffer by reason of anything done or omitted in good faith pursuant to or in connection with this Deed of Trust and not assert any claim against CalHFA MAC, its officers or agents by reason of any action so taken or omitted. Homeowner shall, at Homeowner's expense, defend, indemnify, save and hold CalHFA MAC, its officers and agents harmless from any and all claims, demands, losses, expenses, damages (general, punitive or otherwise), causes of action (whether legal or equitable in nature) asserted by any person, firm, corporation or other entity arising out of this Deed of Trust and Homeowner shall pay CalHFA MAC upon demand all claims, judgments, damages, losses or expenses (including reasonable legal expense) incurred by CalHFA MAC as a result of any legal action arising out of this Deed of Trust.

IN WITNESS WHEREOF, Homeowner has executed this Deed of Trust on the day and year as acknowledged by
Notary Public.

_____

NICOLE SHAW-OWENS,     ~~TRUSTEE~~ ✳

✳ Inital

## ALL-PURPOSE ACKNOWLEDGMENT NOTARY FOR CALIFORNIA

STATE OF CALIFORNIA                    )

COUNTY OF  _Alameda_                    )


On _FEB. 11. 2013_ , before me, _Diesta Lira_ , Notary Public,
       Date

personally appeared   NICOLE SHAW-OWENS                                   ,


DIESTA LIRA
Commission # 1897657
Notary Public - California
Alameda County
My Comm. Expires Jul 30, 2014

who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which
the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under
the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

Homeowner ID  1136806

## PROMISSORY NOTE (OPEN-ENDED CREDIT)
## KEEP YOUR HOME CALIFORNIA PROGRAM

### NOTICE TO HOMEOWNER
### THIS DOCUMENT CONTAINS PROVISIONS
### PROHIBITING UNAUTHORIZED TRANSFERS SECURED BY
### A DEED OF TRUST ON RESIDENTIAL PROPERTY

Property Address: 288 Louette Ct, Hayward, CA 94541-2323

$20,530.35

February 5, 2013
Date of this Note

FOR VALUE RECEIVED, the undersigned,  Nicole Shaw Owens, (the "Homeowner") hereby promises to pay to the order of CalHFA Mortgage Assistance Corporation, a California nonprofit public benefit corporation, its assignees or holder, whose address is P.O. Box 5678, Riverside, CA 92517, (the "CalHFA MAC") as further provided herein, a principal amount initially equal to
Twenty thousand, five hundred thirty dollars and 35/100,  ($20,530.35),
which shall not accrue or bear any interest (the "Note"), until paid.  The obligation of the Homeowner with respect to this Note is secured by that certain Deed of Trust entitled "Deed of Trust (Keep Your Home California Program) (the "Deed of Trust"), of even date herewith.

### DEFINITIONS

"Date of this Note"–means the date that this Note is executed as specified on the top right hand side of this page.

"Note and Deed of Trust"–means that financial assistance provided by CalHFA MAC or its designee and which is an encumbrance on the Property in a junior lien position.

"Qualified Homeowner"–means CalHFA MAC has determined, in its sole discretion from documentation provided by the Homeowner, that Homeowner is eligible to receive financial assistance under CalHFA MAC's Keep Your Home California Program and has satisfied all of the program criteria disclosed in writing to Homeowner, including, without limitation occupying the Property as his/her principal residence.

### RECITALS

1. *Homeowners Obligation.*  This Note evidences the obligation of the Homeowner to CalHFA MAC for the repayment of funds provided on behalf of Homeowner to satisfy the existing obligations of the Homeowner with respect to that certain real property (the "Property") described in the Deed of Trust.  The amount of this Note shall be due and payable at the end of the Term of Note as set forth in paragraph 5 below, upon acceleration of payment as set forth in paragraph 6 below or upon forgiveness pursuant to paragraph 2 below.

2.     *Amounts.*  The outstanding principal amount of this Note shall not accrue or bear any interest.  The funds advanced pursuant to this Note may, at the option of CalHFA MAC, be advanced on Homeowner's behalf, at one or more intervals from time to time.  The  initial amount of financial assistance under this Note as stated above may be increased or decreased due to changes in Homeowner's monthly mortgage payment and/or expenses incurred by Homeowner's primary mortgage lender in connection with Homeowner's default under their primary mortgage loan, either of which may occur after the initial assistance approval date, but in no case shall such assistance exceed  the maximum benefit assistance of the approved program in the amount equal to $27,000.00 in the aggregate.
In addition, Homeowner expressly authorizes CalHFA MAC to disburse such funds being advanced hereunder, if any, directly to Homeowner's first lien mortgage servicer or lender.  Further, if the Homeowner is a Qualified

Homeowner at all times prior to and on the third year anniversary date of this Note, 100% of the principal amount outstanding under this Note shall be reduced and forgiven.

3. *Occupancy.* Homeowner shall occupy the Property as Homeowner's principal place of residence during the term of this Note.

4. *Promissory Note Not Assumable, Prohibition on Transfer of Interests; Limited Exceptions.* The Homeowner shall not make any lease, sale, assignment, conveyance or transfer of the Property except as permitted. No transfer of this Note will be permitted, and no successor in interest to the Homeowner(s) will be permitted to assume the Homeowner(s) lien secured by the Deed of Trust except in the following limited circumstances:

    (a) The transfer results from the death of a Homeowner and the transfer is to the surviving Co-Homeowner who occupies the Property;

    (b) A transfer of the Property resulting from a decree of dissolution of the marriage or legal separation or from a property settlement agreement incidental to such a decree by which a spouse who is already a Homeowner continues to occupy the Property and becomes the sole owner of the Property.

    (c) A transfer by a Homeowner to an intervivos trust in which the Homeowner is the sole beneficiary.

5. *Term of Note/Repayment of Note Principal.* Unless the principal amount of the Note has been forgiven pursuant to paragraph 2, or unless CalHFA MAC otherwise agrees in writing, Homeowner shall repay to CalHFA MAC the principal and any other amounts due under this Note on the earliest of the following occurrences (the "Term"):

    (a) The first lien indebtedness on the Property is paid in full or reaches its maturity date, whichever occurs first;

    (b) The first lien indebtedness on the Property is refinanced and homeowner receives more than one percent (1%) of the principal amount of the new loan in cash;

    (c) The first lien indebtedness on the Property is assumed;

    (d) Title to the Property is transferred; or

    (e) The first lien indebtedness on the Property becomes due and payable for any reason.

6. *Acceleration of Payment.* The principal amount of this Note shall at the election of CalHFA MAC become immediately due and payable upon the occurrence of any of the following events:

    (a) In the event of a default under the terms of this Note or the Deed of Trust securing this Note;

    (b) In the event of a default under the terms of any superior Note or Deed of Trust of the Lender on the Property;

    (c) In the event that the Homeowner shall cease to occupy the Property as Homeowner's principal place of residence;

    (d) In the event of any sale, or transfer, lease, rental or encumbrance of the Property in violation of paragraph 4 of this Promissory Note; or

    (e) In the event of those circumstances specified in paragraph 5 of this Note.

    (f) In the event the Homeowner provided false statements including, but not limited to, altered documentation resulting in the approval for KYHC financial assistance.

7. *Place and Manner of Payment.* All amounts due and payable under this Note are payable at the principal office of CalHFA MAC set forth above, or at such other place or places as CalHFA MAC may designate to the Homeowner in writing from time to time.

8. *Application of Payments.* All payments received on account of this Note shall be applied to the reduction of principal.

9. *Attorney's Fees.* The Homeowner hereby agrees to pay all costs and expenses, including reasonable attorney's fees, which may be incurred by CalHFA MAC in the enforcement of this Note.

10. *Default and Acceleration.* All covenants, conditions and agreements contained in the Deed of Trust are hereby made a part of this Note. The Homeowner agrees that the unpaid balance of the then principal amount of this

Note; together with any charges owing, shall, at the option of CalHFA MAC or, if so provided in this Note and Deed of Trust executed by the Homeowner shall automatically become due and payable, upon the failure of the Homeowner to make any payment hereunder as and when due; upon the failure of the Homeowner to perform or observe any other provision of this Note, or upon the occurrence of any event (whether termed default, event of default or similar term) which under the terms of the Deed of Trust, shall entitle CalHFA MAC to exercise rights or remedies thereunder.

11. *Notices.* Except as may be otherwise specifically provided herein, any approval, notice, direction, consent, request or other action by CalHFA MAC shall be in writing and may be communicated to the Homeowner at the address of the Property, or at such other place or places as the Homeowner shall designate to CalHFA MAC in writing, from time to time, for the receipt of communications from CalHFA MAC.

12. *No Prohibition Against Prepayment.* Homeowner may prepay this Note at any time without penalty.

13. *Governing Law.* This Note shall be construed in accordance with and be governed by the laws of the State of California.

14. *Severability.* If any provision of this Note shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions hereof shall not in any way be affected or impaired thereby.

15. *Time.* Time is of the essence in this Note.

16. *No Waiver by CalHFA MAC.* No waiver of any breach, default of failure of condition under the terms of the Note or Deed of Trust shall thereby be implied from any failure of CalHFA MAC to take, or any delay by CalHFA MAC in taking, action with respect to such breach, default or failure or from any previous waiver of any similar or unrelated breach, default or failure; and a waiver of any term of the Note, Deed of Trust, or any of the obligations secured thereby must be made in writing and shall be limited to the express written terms of such waiver.

17. *Successors and Assigns.* The promises and agreements herein contained shall bind and inure to the benefit of, as applicable, the respective heirs, executors, administrators, successors and assigns of the parties.

Nicole Shaw Owens                    Date    2/11/2013



**Bill Feigles**
*Compliance Manager*
bfeigles@calhfa.ca.gov

**Mail:**
P.O.Box 4034, MS 1480
Sacramento | CA | 95812

**Office:**
500 Capitol Mall, Suite 1400
Sacramento | CA | 95814

Tel: 916.326.8840
Cell: 916.807.4438
Fax: 916.324.8640

www.KeepYourHomeCalifornia.org

# EXHIBIT B



# TRUSTEE CORPS
*Experience. Trust. Integrity.*

## Surplus Proceeds Claim Form

Claimant/Beneficiary: NICOLE SHAW-OWENS
Trustee Corps File No.: CA07000056-14
Borrower: NICOLE SHAW-OWENS
Property Address: 288 LOUETTE COURT, HAYWARD, CA 94541

The following amounts were secured by a Deed of Trust or lien on the above referenced property prior to the senior Deed of Trust holder's foreclosure sale, and these amounts were outstanding to the sale date: **03/09/2015**

| | |
|---|---|
| Unpaid Principal Balance | $_____ |
| | *New Address: 1531 Marina Court Apt.E San Mateo, CA 94403* |
| Interest to_____ | $_____ |
| Other (describe) | |
| _____ | $_____ |
| _____ | $_____ |
| **Total Due:** | $_____ |

I certify under PENALTY OF PERJURY under the laws of the State of _California_ that the foregoing is true and correct.
Signature: _____    (Title) _Claimant/Beneficiary_

### ATTACHMENTS:

____ Document evidencing the claim: copy of Payoff, recording of lien, Note, Deed of Trust, etc.
____ The claim has been fully released

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF _California_    }

COUNTY OF _Alameda_    }

On _May 1, 2015_ before me, _Maxine P. Johnson_ Notary Public,
personally appeared _Nicole D. Shaw Owens_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _California_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____    (Seal)

MAXINE P JOHNSON
COMM. # 2058979
NOTARY PUBLIC ●CALIFORNIA
ALAMEDA COUNTY
Comm. Exp. FEB. 23, 2018

17100 Gillette Ave. Irvine, CA 92614
Tel: 949-252-8300
Fax: 949252-8330

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

*Surplus Proceeds Claim Form*

*Trustee Corps*

State of California
County of _Alameda_                    )

On _May 1, 2018_ before me, _Maxine P. Johnson_
                                             (insert name and title of the officer)

personally appeared _Nicole D. Shaw Owens_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          (Seal)

MAXINE P JOHNSON
COMM. # 2058979
NOTARY PUBLIC ●CALIFORNIA
ALAMEDA COUNTY
Comm. Exp. FEB. 23, 2018

# EXHIBIT C

BURKE, WILLIAMS & SORENSEN, LLP

.., Ana, California  92705-4067
voice 949.863.3363 · fax 949.863.3350
www.bwslaw.com

Direct No.:  949.265.3408
Our File No.: 06390-0478
rreynolds@bwslaw.com

June 10, 2015

Secretary of Housing and Urban Development
1 Sansome Street, Suite 1200
San Francisco, CA 94104

Re:   Notice of Surplus Proceeds of Trustee's Sale
        Property:      288 Louette Court, Hayward, CA 94541
        Trustor:       Owens, Nicole Shaw
        TS #:          CA07000056-14
        Date of Sale: March 9, 2015
        Deed of Trust (Attached)

To Whom It May Concern:

        We represent MTC Financial Inc. dba Trustee Corps.  We are the law firm hired by Trustee Corps to handle the surplus funds as a result of the foreclosure sale on the property listed above.  As a result of the foreclosure sale, there are funds left over (surplus funds) after paying the first deed of trust.

        <u>**We need to know in writing whether you will be submitting a claim to the surplus funds.**</u>

        Pursuant to California Civil Code § 2924j, notice is hereby given that:

        1.      There has been a trustee's sale of the described real property.

        2.      Under California Civil Code § 2924j, you may have a claim to all or a portion of the sale proceeds remaining after payment of the amounts required by paragraphs (1) and (2) of subdivision (a) of Section 2924k of the California Civil Code.

        You may contact the trustee at the address noted above to pursue any potential claim.

        Please note that before the trustee can act, you may be required to present proof that the person holds the beneficial interest in the obligation as well as security interest. In the case of a promissory note secured by a deed of trust, proof that you hold the

IRV #4830-3994-6276 v1

†BURKE, WILLIAMS & SORENSEN, LLP

June 10, 2015
Page 2

beneficial interest may include the original promissory note and assignment of beneficial interests related thereto.  You shall also submit a written claim to the trustee, executed under penalty of perjury, stating the following:

(A)    The amount of the claim to the date of trustee's sale; and

(B)    An itemized statement of the principal, interest, and other charges.

Please submit your claim, along with a written statement that states: "I submit this claim under penalty of perjury under the laws of the State of California.  Submitted this ____ day of _____, 2015."  Please fill in the date you are submitting the claim in the blanks.

PLEASE TAKE NOTICE that claims must be received by the trustee at the address noted above no later than 30 days after the date of this notice.

If you have any questions, please contact my Case Assistant, Dee van Daalen Wetters at dwetters@bwslaw.com or (949) 265-3420.

Sincerely,

/s/ Richard J. Reynolds

RICHARD J. REYNOLDS

RJR:dvdw
Enclosure

IRV #4830-3994-6276 v1

2011139033   05/06/2011 10:55 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:   33.00

7   PGS

Prepared By:

*Joanne Butler*
Joanne Butler
Loss Mitigation Specialist/Closer

Recording Requested By & Return To:
C/O Chicago Title ServiceLink Division
4000 Industrial Blvd
Aliquippa, PA 15001

FHA Case No.
042-8512732-703
Loan # 5231980

## SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on April 14, 2011. The Mortgagor is NICOLE SHAW-OWENS , whose address is 288 LOUETTE COURT HAYWARD, CA 94541. This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 10410 ("Lender"). Borrower owes Lender the principal sum of Sixty Four Thousand Eighty Seven Dollars and Twenty One Cents (U.S. $64,087.21). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on April 1, 2041. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument, and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in Alameda County, California, which has the address of 288 LOUETTE COURT HAYWARD, CA 94541:

### LEGAL DESCRIPTION
See Attached Exhibit "A"

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Trustee: North American Title Company, 1st Mortgage

K

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1.      Payment of Principal. Borrower shall pay when due the principal of the debt evidenced by the Note.

2.      Borrower Not Released; Forbearance by Lender Not a Waiver. Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.      Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

4.      Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 10410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ 4/23/2011
NICOLE SHAW-OWENS                (Borrower)

Witness Signature: _Staeis_          Witness Signature: _qentu_
Witness Printed Name: _DIASHAY STAEIS_   Witness Printed Name: _Elisabeth Johnson_
                                          Elisabeth Johnson

State of _CA_
County of _Alameda_

On this _23_ day of, _04_ , 20_11_ , before me a notary public came the above named _Nicole Shaw-Owens_ acknowledged the within indenture of Mortgage to be their act and deed, and desired the same to be recorded as such. Witness my hand and seal, the day and year aforesaid.

_____ XY
Notary Signature _Kenneth Xu_

Notary Printed Name _____

License # _1899602_

Address: _25125 SantaClara_
_Hayward CA 94545_

Notary Seal:

```
KENNETH MING XU
Commission # 1899602
Notary Public - California
Alameda County
My Comm. Expires Aug 14, 2014
```

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of Alameda

On 04-23-11 before me, Kenneth Xu / Notary Public
(Here insert name and title of the officer)

personally appeared Nicole Shaw-Owens

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

KENNETH MING XU
Commission # 1899602
Notary Public - California
Alameda County
My Comm. Expires Aug 14, 2014

Signature of Notary Public                                    (Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

Exhibit A
Legal Description

LOT 16, TRACT 1656, FILED OCTOBER 19, 1955, MAP BOOK 36, PAGE 64, ALAMEDA COUNTY RECORDS.

1  Richard J. Reynolds, (SBN 89911)
   E-mail: rreynolds@bwslaw.com
2  Joseph P. Buchman, (SBN 148983)
   E-mail: jbuchman@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   1851 East First Street, Suite 1550
4  Santa Ana, CA 92705-4067
   Tel: 949.863.3363   Fax: 949.863.3350
5
   Attorneys for Plaintiff MTC FINANCIAL INC. dba
6  TRUSTEE CORPS
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                         COUNTY OF ALAMEDA
10
11  In Re:                              Case No: HG15788647
12  288 Louette Court                   **DECLARATION OF SERVICE BY MAIL**
    Hayward, CA 94541                   **OF PETITION AND RELATED**
13  (Owens)                             **DOCUMENTS**
14                                      Action Filed:   October 7, 2015
                                        Trial Date:     None
15
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

CAM #4845-7491-3065 v1                  - 1 -

DECLARATION OF SERVICE BY MAIL

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF VENTURA

     I am employed in the County of Ventura, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Burke, Williams & Sorensen, LLP, 2310 East Ponderosa Drive, Suite 25, Camarillo, CA 93010.

     On October 8, 2015, I served the following document(s) described as:

    **1.**    **PETITION AND DECLARATION REGARDING UNRESOLVED CLAIMS AND DEPOSIT OF UNDISTRIBUTED SURPLUS PROCEEDS OF TRUSTEE'S SALE; AND**

    **2.**    **CIVIL CASE COVER SHEET; and**

    **3.**    **ADDENDUM TO CIVIL CASE COVER SHEET**

on the interested party(ies) in this action as follows:

☒    by placing true copies thereof enclosed in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:**  I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope was placed for collection and mailing with postage thereon fully prepaid at Camarillo, California, on that same day following ordinary business practices.

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.  I declare that I ☒ am employed in the office of a member of the bar of this court at whose direction the service was made; ☒ served the above document(s) at the direction of a member of the bar of this court.

     Executed on October 8, 2015, at Camarillo, California.

KATHLEEN VAN DAALEN WETTERS

Burke, Williams & Sorensen, LLP
Attorneys At Law
Santa Ana

DECLARATION OF SERVICE BY MAIL

## SERVICE LIST

### In Re: 288 Louette Court, Hayward, CA 94541

Nicole Shaw-Owens
1531 Marina Court, Apt. E
San Mateo, CA 94403
(Trustor)

Nicole Shaw-Owens
5678 3rd Street
San Francisco, CA 94124
(Trustor)

California Housing Finance Agency Mortgage
Assistance Corporation
Attn:  Bill Feigles, Compliance Manager
Post Office Box 4034
Mail Stop 1480
Sacramento, CA 95812
(Lien Claimant, Timely Filed)

Secretary of Housing and Urban Development
1 Sansome Street, Suite 1200
San Francisco, CA 94104
(Lien Claimant, No Claim Filed)

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

DECLARATION OF SERVICE BY MAIL