BRIAN J. STRETCH (CABN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
DOUGLAS K. CHANG (HSBN 2922)
Assistant United States Attorney
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-6985
  Facsimile: (415) 436-7169
  Email: Douglas.Chang@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MTC FINANCIAL INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>Defendant(s). | Case No. 15-cv-05057-JCS<br><br>**UNITED STATES' NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: August 26, 2016<br>Time: 2:00 p.m.<br>Courtroom G, 15th Floor |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

NOTICE OF MOTION........................................................................................................1

STATEMENT OF RELIEF..................................................................................................1

ISSUES TO BE DECIDED..................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES......................................................1

I.     INTRODUCTION.................................................................................................1

II.    STATEMENT OF FACTS....................................................................................2

III.   STATUTORY BACKGROUND..........................................................................4

       A.    C.C.C. § 2924j...............................................................................................4

       B.    C.C.C. § 2924k...............................................................................................5

IV.  ARGUMENT........................................................................................................6

HUD's MORTGAGE LIEN HAS PRIORITY OVER SHAW-OWENS' CLAIM EVEN THOUGH HUD DID NOT SUBMIT ITS CLAIM TO THE TRUSTEE UNDER § 2924j(a)............................................................................................... 6

       A.    Shaw-Owens' Assertion of Priority Over HUD's Lien Based Solely on HUD's Failure to Submit Its Claim to the Trustee Is Not Supported by Sections 2924j and 2924k....................................................................................................6

            1.    HUD's Lien Is Senior to Shaw-Owens' Claim Under § 2924k, Which Applies to Lien Prioritization Conducted by Court.......................................................................................................6

            2.    Since the Court's Claim Priority Determination Under § 2924j(d) is Based on Claims Filed with the Court Under § 2924j(c), Claims Submitted to the Trustee Under § 2924j(a) Have No Effect on Such Determination......................................................................................7

       B.    Nonjudicial Processes, Such as HUD's Failure to Submit its Claim to Trustee, Cannot Disturb HUD's Lien Priority Claim to Surplus Proceeds.....................8

       C.    Even If the Court Finds That HUD's Lien Priority Was Junior to Competing Lien Holders Because It Failed To Submit Its Claim to the Trustee Under § 2924j(a), HUD's Lien Is Still Senior to Shaw-Owen's Claim..................................9

CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

CASES

Banc of America Leasing & Capital, LLC, v. 3 Arch Trustee Services, Inc.,
   180 Cal. App. 4th 1090 (4th Dist. 2009).................................................................. 7, 8

Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691,
   635 F.3d 1128 (9th Cir. 2011) ................................................................................. 7, 8

South Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc.,
   72 Cal.App.4th 1111 (2nd Dist. 1999)........................................................................ 8

Texaco, Inc. v. Ponsoldt,
   118 F.3d 1367 (9th Cir. 1997) ..................................................................................... 7

Whiteside v. U.S.,
   833 F.2d 820 (9th Cir. 1987) .................................................................................. 8, 9

STATUTES

26 U.S.C. § 7425(c)(1)...................................................................................................... 9

RULES

Fed. R. Civ. P. 56............................................................................................................... 1

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 26, 2016, at 2:00 p.m. in Courtroom G, 15th Floor, United States Courthouse, 450 Golden Gate Ave., San Francisco, California, before the Honorable Joseph C. Spero, U.S. Chief Magistrate Judge, defendant United States Department of Housing and Urban Development ("United States" or "HUD") will move this Court for an order granting summary judgment in its favor pursuant to Fed. R. Civ. P. 56. The motion will be based on this Notice, the attached Memorandum of Points and Authorities, the Court's files and records in this matter and/or other matters of which the Court takes judicial notice, and any oral argument that may be presented to the Court.

## STATEMENT OF RELIEF

United States seeks an order granting the United States summary judgment, and granting such other and further relief that the Court deems proper and appropriate.

## ISSUES TO BE DECIDED

Whether HUD's failure to submit its claim for surplus proceeds to the trustee subordinates its mortgage lien priority to the claim of the former owner of the foreclosed real property.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is an interpleader action of surplus proceeds removed from state court. The surplus proceeds resulted from the nonjudicial foreclosure sale of real property, which was encumbered by, among other liens, the mortgage lien of HUD. The two remaining claimants to the surplus proceeds are HUD and Nicole Shaw-Owens, the former owner of the foreclosed real property.

Shaw-Owens asserts that her claim to the surplus proceeds is superior to HUD's lien because HUD failed to submit its claim for the surplus proceeds to the trustee. As a result, Shaw-Owens contends that the entire surplus proceeds should be paid to her. Shaw-Owens'

assertion, however, is without merit because HUD's failure to submit its claim to the trustee has no effect on its lien priority. Therefore, the surplus proceeds should be disbursed in their entirety to HUD.

## II.   STATEMENT OF FACTS

On or about March 9, 2015, Plaintiff MTC Financial Inc., dba Trustee Corps, ("Trustee"), conducted a nonjudicial foreclosure or trustee's sale of the property located at 288 Louette Court, Hayward, California 94541. See Petition and Declaration Regarding Unresolved Claims and Deposit of Undistributed Surplus Proceeds of Trustee's Sale (hereinafter sometimes referred to as "Petition") filed with this Court (Docket #1-1) as an attachment to the Notice of Removal (Docket #1), pgs. 6-7[1], ¶¶ 1, 2, 4. The total sale price of the property was $370,000.00. Petition, pg. 8, ¶ 16(a). After payment of amounts due to the foreclosing mortgage lien holder and to the Trustee, surplus proceeds of $40,726.15 remained. Petition, pg. 8, ¶ 16(f).

Other than the foreclosing mortgage lien holder, the property at the time of foreclosure was encumbered by a $64,087 senior mortgage lien held by HUD, see Claim of United States Department of Housing and Urban Development to Surplus Funds ("HUD Claim") filed with this Court (Docket #5), and a $20,530 junior mortgage lien held by the California Housing Finance Agency Mortgage Assistance Corporation ("CalHFA MAC"). Petition, pg. 28. Nicole Shaw-Owens was the borrower to the promissory notes underlying the above-mentioned three mortgages, as well as the title owner to the property at the time of foreclosure. Petition, pgs. 6 and 28; HUD Claim. More specifically, Nicole Shaw-Owens became indebted to HUD when she executed a Promissory Note in favor of HUD on April 23, 2011, in the amount of $64,087.21, which was secured by a Subordinate Mortgage executed by Shaw-Owens on April 23, 2011, and recorded on May 6, 2011. HUD Claim. To date, Shaw-Owens remains liable to HUD on the Note for $64,087.21. HUD Claim.

---

[1] Reference to the Petition's pages are to the Court's ECF pagination.

In conjunction with the above-mentioned nonjudicial foreclosure or trustee's sale, the Trustee obtained a Trustee's Sale Guarantee. Petition, pg. 7, ¶ 5. The Trustee's Sale Guarantee was attached as Exhibit 5 to the Petition. Petition, pgs.10-19. The Trustee's Sale Guarantee listed HUD's $64,097 mortgage as senior to CalHFA MAC's mortgage. Petition, pg. 13. The Trustee indicated in the Petition that "[a]ttorney's for the trustee are unable to determine how to proceed since the Secretary of Housing and Urban Development would be entitled to the surplus funds if they had filed a claim given the priority of their recorded lien." Petition, pg. 24.

As a result of the $40,726.15 surplus proceeds, the Trustee sent written notice of the surplus proceeds under California Civil Code ("C.C.C.") § 2924j(a) to HUD, CalHFA MAC, and Nicole Shaw-Owens (hereinafter sometimes referred to as "Notice of Surplus Proceeds"). Petition, Pg. 7, ¶ 8, and Pg. 20. Both CalHFA MAC and Shaw-Owens submitted written claims to the Trustee. HUD did not submit any claim to the Trustee. Petition, pg. 24.

Subsequently, on or about August 26, 2015, the Trustee sent a Notice of Intent to Deposit Funds Pursuant to C.C.C. § 2924j(d) (hereinafter sometimes referred to as "Notice of Intent to Deposit Funds") to HUD, CalHFA MAC, and Shaw-Owens. Petition, pg. 21. On or about October 7, 2015, the Trustee filed its Petition and Declaration Regarding Unresolved Claims and Deposit of Undistributed Surplus Proceeds of Trustee's Sale with the Alameda County Superior Court under Case No. HG15788647 ("State Court Action"). Petition. The Trustee also deposited $40,291.15 of net surplus proceeds with the clerk of the court, after deducting $435 for filing fees. Petition, Pg. 8, ¶16(g-h).

On or about November 4, 2015, and before any claimant filed a claim for the surplus proceeds with the state court, the United States removed the State Court Action to this Court under Case No. 15-cv-05057 (Docket #1). On or about November 19, 2015, HUD filed its claim with this Court (Docket #5). On or about February 10, 2016, CalHFA MAC filed its notice of disclaimer of interest in the surplus proceeds (Docket #22). On or about March 21, 2016, Shaw-Owens filed her claim and declaration in support of claim with this Court (hereinafter

3

collectively referred to as "Shaw-Owens Claim") (Docket #27, #28). Thus, the only remaining claimants to the surplus proceeds are HUD and Shaw-Owens.

Shaw-Owens claims an interest in the surplus proceeds senior to that of HUD or any other claim. Shaw-Owens Claim. Moreover, to the best of United States' understanding, Shaw-Owens' claim of priority to the surplus proceeds is based primarily, if not solely, on HUD's failure to submit its claim to the Trustee in response to the Trustee's Notice of Surplus Proceeds.

### III.     STATUTORY BACKGROUIND

#### A.     C.C.C. § 2924j

C.C.C. § 2924j sets forth the procedures for trustees to process surplus proceeds from nonjudicial foreclosure sales. A trustee may either file an interpleader action or follow the procedures set forth in § 2924j. C.C.C. § 2924j(e). Section 2924j(a) provides that unless the trustee decides to interplead the surplus proceeds, "the trustee shall send written notice to all persons . . . entitled to notice" of surplus proceeds from a nonjudicial foreclosure sale of property. Section 2924j(a) further provides that the notice of surplus proceeds shall "inform" each person entitled to such notice that, among other things, "before the trustee can act, . . . [t]he noticed person shall also submit a written claim to the trustee . . . [within] 30 days after the date the trustee sends notice to the potential claimant."

If the trustee proceeds under § 2924j(a), then § 2924j(b) sets forth the provisions and conditions under which the trustee may determine priority among the claims submitted and disburse the surplus proceeds. Section 2924j(b) provides, in its entirety, as follows:

> The trustee shall exercise due diligence to determine the priority of the written claims received by the trustee to the trustee's sale surplus proceeds from those persons to whom notice was sent pursuant to subdivision (a). In the event there is no dispute as to the priority of the written claims submitted to the trustee, proceeds shall be paid within 30 days after the conclusion of the notice period. If the trustee has failed to determine the priority of written claims within 90 days following the 30-day notice period, then within 10 days thereafter the trustee shall deposit the funds with the clerk of the court pursuant to subdivision (c) or file an interpleader action pursuant to subdivision (e). Nothing in

4

this section shall preclude any person from pursuing other remedies or claims as to surplus proceeds.

C.C.C. § 2924j(b).

If the trustee is not able to determine claim priority, or if there is a conflict between potential claimants, the trustee may deposit the surplus proceeds with the clerk of the court and send a new notice to potential claimants. C.C.C. § 2924j(c). Section 2024j(d) requires this second notice to inform the potential claimants, among other things, that the trustee intends to deposit the surplus proceeds with the clerk of the court and that they must file a claim for the proceeds with the court within 30 days from the date of the notice. C.C.C. § 2924j(d). Section 2924j(d) further provides for the court to determine claim priority based on the filed claims, and distribute the surplus proceeds to the claimants entitled thereto.

Thus, there are two instances under § 2924j were a potential claimant must make a claim for the surplus proceeds. The first instance is where the potential claimant must "submit a written claim to the trustee" under § 2924j(a)(4). The second instance is where the potential claimant must "file[] [a claim] with the court" under § 2924j(d). In this case, both HUD and Shaw-Owens filed their claims with the court in the second instance, after the Trustee deposited the surplus proceeds with the clerk of the state court and after the state court action was removed to federal court; in the first instance, however, only Shaw-Owens submitted her claim to the Trustee. Hence, the only claim in issue is the claim that must be submitted to the Trustee in response to the Trustee's notice of surplus proceeds under § 2924j(a)(4).

**B.     C.C.C. § 2924k**

C.C.C. § 2924k sets forth the order of distribution of sale proceeds from nonjudicial sales. The pertinent part of the statue is as follows:

> (a) The trustee, or the clerk of the court upon order to the clerk pursuant to subdivision (d) of Section 2924j, shall distribute the proceeds, or a portion of the proceeds, as the case may be, of the trustee's sale conducted pursuant to Section 2924h in the following order of priority:

5

    (1) To the costs and expenses of exercising the power of sale and of sale, including the payment of the trustee's fees and attorney's fees permitted pursuant to subdivision (b) of Section 2924d and subdivision (b) of this section.

    (2) To the payment of the obligations secured by the deed of trust or mortgage which is the subject of the trustee's sale.

    (3) To satisfy the outstanding balance of obligations secured by any junior liens or encumbrances in the order of their priority.

    (4) To the trustor or the trustor's successor in interest. In the event the property is sold or transferred to another, to the vested owner of record at the time of the trustee's sale.

C.C.C. § 2924k(a).

## IV. ARGUMENT

### HUD's MORTGAGE LIEN HAS PRIORITY OVER SHAW-OWENS' CLAIM EVEN THOUGH HUD DID NOT SUBMIT ITS CLAIM TO THE TRUSTEE UNDER § 2924j(a)

**A. <u>Shaw-Owens' Assertion of Priority Over HUD's Lien Based Solely on HUD's Failure to Submit Its Claim to the Trustee Is Not Supported by Sections 2924j and 2924k.</u>**

  **1. <u>HUD's Lien Is Senior to Shaw-Owens' Claim Under § 2924k, Which Applies to Lien Prioritization Conducted by a Court</u>**

Under C.C.C. § 2924k, "the clerk of the court, upon order to the clerk pursuant to subdivision (d) of Section 2924j, shall distribute" surplus proceeds from nonjudicial sales to satisfy junior liens or encumbrances before any such proceeds are distributed to the trustor. Here, there is no dispute that HUD filed its claim with the court and that the court's determination of lien priority should therefore straightforwardly apply § 2924k and find that HUD's lien is senior to Shaw-Owens'.

6

Motion for Summary Judgment
Case No. 15-cv-05057-JCS

2. **Since the Court's Claim Priority Determination Under § 2924j(d) is Based on Claims Filed with the Court Under § 2924j(c), Claims Submitted to the Trustee Under § 2924j(a) Have No Effect on Such Determination.**

In this case, the Trustee did not distribute funds under § 2924j(b) but instead deposited the surplus proceeds with the clerk of the court under § 2924j(c) for the court to determine claim priority and distribute the surplus proceeds under § 2924j(d).  Section 2924j(b) provides that the trustee should deposit surplus proceeds with the court if, after exercising due diligence that is to include "research[ing] the written claims submitted *or other evidence of conflicts*," § 2924j(f) (emphasis added)," it is unable to determine claim priority.  Here, the Trustee knew that HUD had a claim senior to other claimants and in any event would have been entitled to the surplus proceeds had HUD submitted a claim to the Trustee under § 2924j(a) based on the Trustee's Sale Guarantee that it had obtained in connection with the nonjudicial foreclosure sale.  Since the statute provides that the court's claim priority determination of funds deposited with it will be based *not* on claims submitted to the trustee under 2924j(a), but on claims filed with the court under 2924j(d), HUD's failure to submit its claim to the Trustee under 2924j(a) is of no consequence.[2]

Although §§ 2924j(a) and 2924j(b) provide a scheme for the trustee to disburse surplus proceeds in a nonjudicial process, the statute is silent as to the consequences for failing to submit a claim to the trustee once the funds have been deposited in the court.  In fact, § 2924j(b) expressly provides that "[n]othing in this section shall preclude any person from pursuing other remedies or claims as to surplus proceeds."  One state appellate court held that a trustee owes no duty to search for junior lienholders whom it is not required to notify under § 2924j(a) before distributing surplus funds under § 2924j(b).  Banc of America Leasing & Capital, LLC, v. 3 Arch Trustee Services, Inc., 180 Cal. App. 4th 1090 (4th Dist. 2009).  However, the government has found no case in which a court addressed the effect of failure to respond to a notice issued under

---

[2] Thus, once an action has been filed in state court under § 2924j(c), priority of the federal government's lien must be determined at the time the action is initiated.  Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691, 635 F.3d 1128, 1134 (9th Cir. 2011), citing Texaco, Inc. v. Ponsoldt, 118 F.3d 1367, 1370 (9th Cir. 1997).

7

Motion for Summary Judgment
Case No. 15-cv-05057-JCS

§ 2924j(a) once surplus proceeds have been deposited with the court under § 2924j(c). Thus, the Banc of America court reaches only the narrow issue of a trustee's "duty to search for, verify, prioritize, and distribute the surplus funds to a junior lienholder," id. at 1095, and does not address more broadly the effect of the trustee's actions on potential claimants' rights.

B. **Nonjudicial Processes, Such as HUD's Failure to Submit its Claim to Trustee, Cannot Disturb HUD's Lien Priority Claim to Surplus Proceeds.**

Even if failure to respond to a notice issued under § 2924j(a) would affect the priority of a non-government lienholder, it would have no effect on the priority determination for liens held by the United States. In Quality Loan Service, the Ninth Circuit indicated that "the priority of a federal tax lien does not depend on the vagaries of when the United States files a claim in state court relative to a competing claimant." Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691, 635 F.3d 1128, 1134 (9th Cir. 2011) (holding that failure to file a claim with the court under § 2924j(d) had no effect on the claimant's priority because "[t]he precise timing of the claims filed in the state court action . . . has no bearing on the priority question."). By the same logic, HUD's failure to submit its claim to the Trustee under § 2924j(a) in the instant case must also have no impact on the Court's determination of HUD's priority under § 2924j(d). Otherwise, HUD's failure to submit its claim to the Trustee in the nonjudicial process under § 2924j(a) could be used to reduce its lien priority even though had HUD failed to file a claim with the Court in the judicial process under § 2924j(d), such failure could not be used to reduce its lien priority under the holding of Quality Loan Service.

Further, ordinarily, under state law, a "junior lien . . . will be extinguished at the [nonjudicial] foreclosure sale unless the successful bidder purchases at a price sufficiently high to pay off both the senior lien and the junior lien. [Citation.]" South Bay Building Enterprises, Inc. v. Riviera Lend-Lease, Inc., 72 Cal.App.4th 1111, 1121 (2nd Dist. 1999). As a general rule, however, nonjudicial actions have no effect on liens held by the United States. Whiteside v. U.S., 833 F.2d 820, 822 (9th Cir. 1987). In Whiteside, the Ninth Circuit held that "[a]s a general

rule, a lien in favor of the United States is not disturbed by a nonjudicial sale of the property." "There is an exception, however, if the IRS is given notice of the sale in accordance with IRS regulations." Id. at 822 (citing 26 U.S.C. § 7425(c)(1)). But there is not a similar statutory exception for HUD mortgages. Hence, under Whiteside, the nonjudicial foreclosure sale previously conducted by the Trustee in this case had no effect on the HUD's mortgage lien. Likewise, HUD's failure to submit its claim to the Trustee during the nonjudicial process under § 2924j(a) and § 2924j(b) should also have no effect on HUD's current claim to the surplus proceeds under § 2924j(d).[3]

C.  **Even If the Court Finds That HUD's Lien Priority Was Junior to Competing Lien Holders Because It Failed To Submit Its Claim to the Trustee Under § 2924j(a), HUD's Lien Is Still Senior to Shaw-Owen's Claim.**

Shaw-Owens' interest in and rights to the surplus proceeds are not based on any lien or encumbrance, but instead are based solely on the fact that she was the owner of the foreclosed property. Therefore, even if this Court were to find that HUD's failure to submit a claim to the trustee under § 2924j(a) caused it to lose lien priority with respect to competing lien holders, Shaw-Owens is still junior to HUD. Therefore, the surplus proceeds must still be disbursed to HUD.

---

[3] To the extent Banc of America Leasing & Capital can be read to mean that a claimant's failure to submit a claim to the trustee during the § 2924j(a) and § 2924j(b) nonjudicial process can affect that claimant's lien priority, Whiteside and Quality Loan Service make Banc of America Leasing & Capital inapplicable to HUD.

9

Motion for Summary Judgment
Case No. 15-cv-05057-JCS

## CONCLUSION

Based on the foregoing, the United States' motion for summary judgment should be granted in its entirety.

BRIAN J. STRETCH
United States Attorney

Dated: June 17, 2016          By:  _____
DOUGLAS K. CHANG
Assistant United States Attorney
Attorneys for the United States