UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MTC FINANCIAL INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., <br><br> Defendants. | Case No. 15-cv-05057-JCS <br><br> **ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 34 |

## I. INTRODUCTION

This case was brought pursuant to California Civil Code section 2924j by Plaintiff MTC Financial Inc. ("MTC" or "Trustee") to determine the proper recipient of surplus proceeds from a nonjudicial foreclosure. The action was originally filed in California Superior Court and was subsequently removed to federal court by the United States Department of Housing and Urban Development ("HUD"). The only remaining claimants to the surplus proceeds are HUD and Nicole Shaw-Owens. MTC, HUD and Ms. Shaw-Owens all have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Presently before the Court is HUD's Motion for Summary Judgment ("Motion"). For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

### A. Factual Background

On March 9, 2015, MTC, as trustee, conducted a nonjudicial foreclosure or trustee's sale of the property located at 288 Louette Court, Hayward, California 94541 ("the Property"). See Petition and Declaration Regarding Unresolved Claims and Deposit of Undistributed Surplus Proceeds of Trustee's Sale ("Petition") (Docket No. 1-1), attached to Notice of Removal (Docket

No. 1), pp. 6-7, ¶¶ 1, 2, 4.[1] The total sale price of the Property was $370,000.00. Petition, p. 8, ¶ 16(a). After payment of amounts due to the foreclosing mortgage lien holder and to the Trustee, surplus proceeds of $40,726.15 remained. Petition, p. 8, ¶ 16(f).

Other than the foreclosing mortgage lien holder, the Property at the time of foreclosure was encumbered by a $64,087 senior mortgage lien held by HUD, see Claim of United States Department of Housing and Urban Development to Surplus Funds ("HUD Claim") (Docket No. 5), and a $20,530 junior mortgage lien held by the California Housing Finance Agency Mortgage Assistance Corporation ("CalHFA MAC"). Petition, p. 28. Nicole Shaw-Owens was the borrower to the promissory notes underlying the above-mentioned three mortgages, as well as the title owner to the Property at the time of foreclosure. Petition, pp. 6 and 28; HUD Claim. More specifically, Nicole Shaw-Owens became indebted to HUD when she executed a Promissory Note in favor of HUD on April 23, 2011, in the amount of $64,087.21, which was secured by a Subordinate Mortgage executed by Shaw-Owens on April 23, 2011, and recorded on May 6, 2011. HUD Claim. HUD Claim. According to HUD, Ms. Shaw-Owens remains liable to HUD on the Note for $64,087.21. *Id*. Ms. Shaw-Owens does not dispute that this balance remains unpaid. HUD Claim.

In conjunction with the nonjudicial foreclosure on the Property, the Trustee obtained a Trustee's Sale Guarantee. Petition, p. 7, ¶ 5. The Trustee's Sale Guarantee was attached as Exhibit 5 to the Petition. Petition, pp.10-19. The Trustee's Sale Guarantee listed HUD's $64,097 mortgage as senior to CalHFA MAC's mortgage. Petition, p. 13. The Trustee stated in the Petition that "[a]ttorneys for the trustee are unable to determine how to proceed since the Secretary of Housing and Urban Development would be entitled to the surplus funds if they had filed a claim given the priority of their recorded lien." Petition, p. 24. As a result of the $40,726.15 surplus proceeds, the Trustee sent written notice of the surplus proceeds under California Civil Code § 2924j(a) to HUD, CalHFA MAC, and Nicole Shaw-Owens ("Notice of Surplus Proceeds"). Petition, p. 7, ¶ 8, and p. 20. Both CalHFA MAC and Ms. Shaw-Owens submitted written claims

---

[1] The Court cites to the page numbers assigned to the Petition by the Court's electronic filing system, CM/ECF.

1   to the Trustee. HUD did not submit any claim to the Trustee. Petition, p. 24.

2   Subsequently, on August 26, 2015, the Trustee sent a Notice of Intent to Deposit
3   Funds Pursuant to California Civil Code section 2924j(d) ( "Notice of Intent to Deposit Funds") to
4   HUD, CalHFA MAC, and Shaw-Owens. Petition, p. 21. On October 7, 2015, the Trustee filed its
5   Petition and Declaration Regarding Unresolved Claims and Deposit of Undistributed Surplus
6   Proceeds of Trustee's Sale with the Alameda County Superior Court under Case No. HG15788647
7   ("State Court Action"). Petition. The Trustee also deposited $40,291.15 of net surplus proceeds
8   with the clerk of the court, after deducting $435 for filing fees. Petition, p. 8, ¶16(g-h).

9   On November 4, 2015, and before any claimant filed a claim for the surplus proceeds with
10  the state court, the United States removed the State Court Action to this Court. On November 19,
11  2015, HUD filed its claim (Docket No.5). On February 10, 2016, CalHFA MAC filed its notice of
12  disclaimer of interest in the surplus proceeds (Docket No. 22). On March 21, 2016, Ms. Shaw-
13  Owens filed her claim and declaration in support of claim (hereinafter collectively referred to as
14  "Shaw-Owens Claim") (Docket Nos. 27-28). Thus, the only remaining claimants to the surplus
15  proceeds are HUD and Ms. Shaw-Owens.

16  HUD filed its summary judgment motion on June 17, 2016. Ms. Shaw-Owens filed a
17  response on August 26, 2016. Although the response was untimely, the Court will consider it in
18  light of the fact that Ms. Shaw-Owens is not represented by counsel and because HUD will not be
19  prejudiced by the Court's consideration of the late response. The Court notes in particular that
20  HUD addressed in its Motion the main argument advanced by Ms. Shaw-Owens in her opposition
21  brief, namely, that her claim to the surplus proceeds has priority of HUD's because HUD did not
22  submit a claim to the Trustee when the trustee originally issued its written notice of surplus
23  proceeds under California Civil Code Section 2924j(a). Therefore, no further briefing is necessary
24  to decide the Motion.

25  **III.   ANALYSIS**
26      **A.   Statutory Framework for Disbursing Surplus Proceeds from Trustee's Sale**
27          **1. California Civil Code section 2924j**
28  California Civil Code section 2924j sets forth the procedures for trustees to process surplus

United States District Court
Northern District of California

proceeds from nonjudicial foreclosure sales. A trustee may either file an interpleader action or follow the procedures set forth in § 2924j. Cal. Civ. Code § 2924j(e). Section 2924j(a) provides that unless the trustee decides to interplead the surplus proceeds, "the trustee shall send written notice to all persons . . . entitled to notice" of surplus proceeds from a nonjudicial foreclosure sale of property. Section 2924j(a) further provides that the notice of surplus proceeds shall "inform" each person entitled to such notice that, among other things, "before the trustee can act, . . . [t]he noticed person shall also submit a written claim to the trustee . . . [within] 30 days after the date the trustee sends notice to the potential claimant."

If the trustee proceeds under § 2924j(a), then § 2924j(b) sets forth the provisions and conditions under which the trustee may determine priority among the claims submitted and disburse the surplus proceeds. Section 2924j(b) provides, in its entirety, as follows:

> The trustee shall exercise due diligence to determine the priority of the written claims received by the trustee to the trustee's sale surplus proceeds from those persons to whom notice was sent pursuant to subdivision (a). In the event there is no dispute as to the priority of the written claims submitted to the trustee, proceeds shall be paid within 30 days after the conclusion of the notice period. If the trustee has failed to determine the priority of written claims within 90 days following the 30-day notice period, then within 10 days thereafter the trustee shall deposit the funds with the clerk of the court pursuant to subdivision (c) or file an interpleader action pursuant to subdivision (e). Nothing in this section shall preclude any person from pursuing other remedies or claims as to surplus proceeds.

Cal. Civ. Code § 2924j(b).

If the trustee is not able to determine claim priority, or if there is a conflict between potential claimants, the trustee may deposit the surplus proceeds with the clerk of the court and send a new notice to potential claimants. Cal. Civ. Code § 2924j(c). Section 2024j(d) requires this second notice to inform the potential claimants, among other things, that the trustee intends to deposit the surplus proceeds with the clerk of the court and that they must file a claim for the proceeds with the court within 30 days from the date of the notice. Cal. Civ. Code § 2924j(d). Section 2924j(d) further provides for the court to determine claim priority based on the filed claims, and distribute the surplus proceeds to the claimants entitled thereto.

Thus, there are two instances under § 2924j where a potential claimant must make a claim

4

for the surplus proceeds. The first instance is where the potential claimant must "submit a written claim to the trustee" under § 2924j(a)(4).  The second instance is where the potential claimant must "file[] [a claim] with the court" under § 2924j(d).  In this case, both HUD and Ms. Shaw-Owens filed their claims with the court in the second instance, after the Trustee deposited the surplus proceeds with the clerk of the state court and after the state court action was removed to federal court; in the first instance, however, only Ms. Shaw-Owens submitted her claim to the Trustee.

### 2. Civil Code section 2924k

California Civil Code section 2924k sets forth the order of distribution of sale proceeds from nonjudicial sales. The pertinent part of the statue is as follows:

> (a) The trustee, or the clerk of the court upon order to the clerk pursuant to subdivision (d) of Section 2924j, shall distribute the proceeds, or a portion of the proceeds, as the case may be, of the trustee's sale conducted pursuant to Section 2924h in the following order of priority:
>
> (1) To the costs and expenses of exercising the power of sale and of sale, including the payment of the trustee's fees and attorney's fees permitted pursuant to subdivision (b) of Section 2924d and subdivision (b) of this section.
>
> (2) To the payment of the obligations secured by the deed of trust or mortgage which is the subject of the trustee's sale.
>
> (3) To satisfy the outstanding balance of obligations secured by any junior liens or encumbrances in the order of their priority.
>
> (4) To the trustor or the trustor's successor in interest. In the event the property is sold or transferred to another, to the vested owner of record at the time of the trustee's sale.

Cal. Civ. Code § 2924k(a).

### 3. Whether HUD's Mortgage Lien Has Priority Over Ms. Shaw-Owens' Claim Even Though HUD Did Not Submit Its Claim To The Trustee Under § 2924j(a)

Ms. Shaw-Owens contends her claim has priority over HUD's because while HUD filed a claim in this Court pursuant to section 2924j(d), it did not file a claim with MTC under section 2924j(a)(4).  The Court disagrees.

5

First, HUD's lien is senior to Ms. Shaw-Owens' claim under section 2924k, which applies to lien prioritization conducted by a court. In particular, section 2924k provides that "the clerk of the court, upon order to the clerk pursuant to subdivision (d) of Section 2924j, shall distribute" surplus proceeds from nonjudicial sales to satisfy junior liens or encumbrances before any such proceeds are distributed to the trustor. Here, there is no dispute that HUD filed its claim with the court. Therefore, under section 2924k HUD's lien is senior to Shaw-Owens' claim.

Second, the Court concludes that because claim priority determination under § 2924j(d) is based on claims filed with the court under § 2924j(c), claims submitted to the trustee under section 2924j(a) have no effect on such determination. In this case, the Trustee did not distribute funds under section 2924j(b) but instead deposited the surplus proceeds with the clerk of the court under section 2924j(c) for the court to determine claim priority and distribute the surplus proceeds under section 2924j(d). Section 2924j(b) provides that the trustee should deposit surplus proceeds with the court if, after exercising due diligence that is to include "research[ing] the written claims submitted *or other evidence of conflicts*," section 2924j(f) (emphasis added)," it is unable to determine claim priority. Here, the Trustee knew that HUD had a claim senior to other claimants and in any event would have been entitled to the surplus proceeds had HUD submitted a claim to the Trustee under section 2924j(a) based on the Trustee's Sale Guarantee that it had obtained in connection with the nonjudicial foreclosure sale. Since the statute provides that the court's claim priority determination of funds deposited with it will be based not on claims submitted to the trustee under 2924j(a), but on claims filed with the court under 2924j(d), HUD's failure to submit its claim to the Trustee under 2924j(a) is of no consequence. *See Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1134 (9th Cir. 2011) (citing *Texaco, Inc. v. Ponsoldt*, 118 F.3d 1367, 1370 (9th Cir. 1997)) (once an action has been filed in state court under section 2924j(c), priority of the federal government's lien must be determined at the time the action is initiated).

Although sections 2924j(a) and 2924j(b) provide a scheme for the trustee to disburse surplus proceeds in a nonjudicial process, the statute contains no provision suggesting that failure to submit a claim to the trustee impairs a claimant's right to seek surplus proceeds under the

6

1  judicial procedure once the funds have been deposited with the court. To the contrary, § 2924j(b)
2  expressly provides that "[n]othing in this section shall preclude any person from pursuing other
3  remedies or claims as to surplus proceeds." Further, Ms. Shaw-Owen's reliance on *Banc of*
4  *America Leasing & Capital, LLC, v. 3 Arch Trustee Services*, Inc., 180 Cal. App. 4th 1090 (2009)
5  is misplaced. In that case, the court held only that a trustee owes no duty to search for junior
6  lienholders whom it is not required to notify under § 2924j(a) before distributing surplus funds
7  under § 2924j(b). The court addressed only the narrow issue of a trustee's "duty to search for,
8  verify, prioritize, and distribute the surplus funds to a junior lienholder," and did not address more
9  broadly the effect of the trustee's actions on potential claimants' rights. *Id*. at 1095.

## IV. CONCLUSION

For the reasons stated above, the Court finds that HUD's claim to the surplus proceeds in this action has priority over the claim of Ms. Shaw-Owens. Accordingly, the Motion is GRANTED. The record in this case reflects that $40,291.15 in surplus proceeds was deposited with the Alameda County Superior Court, *see* Docket No. 1-1, and that those funds were not transferred to this Court when the case was removed. Accordingly, the clerk for the Alameda County Superior Court is ordered to disburse all of the surplus proceeds to claimant United States Department of Housing and Urban Development. The Clerk for this Court is instructed to serve a copy of this Order on the Alameda County Superior Court and to close the file in this case.

**IT IS SO ORDERED.**

Dated: September 2, 2016

JOSEPH C. SPERO
Chief Magistrate Judge